UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al*.,

    Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al*.,

    Respondents/Defendants.

Case No. 1:05-cv-01509-RMU

**SURREPLY TO RESPONDENTS OMNIBUS REPLY IN SUPPORT
OF MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT
BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING, OR,
IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RELATED APPEALS**

    Petitioners Abdusabur Doe, Abdusamad Doe, Abdunasir Doe, Hammad Doe, Hudhaifa Doe, Jalaal Doe, Khalid Doe, Saabir Doe, and Saddiq Doe (hereinafter "Petitioners") submit this Surreply to the Omnibus Reply (the "Reply") submitted by the Government in numerous habeas cases. In further opposition to the issuance of an order to show case, Petitioners say:

    1.    At 12 n. 15, the Government states that "of the Petitioners whom respondents have been able to arguably identify as of this date, all are held as enemy combatants." We believe this to be a knowing and deliberate falsehood.

    2.    The statement is false because Petitioner Saddiq Doe, a Saudi, is not held as an enemy combatant. The falsehood is knowing and deliberate because it was written and filed on September 22, 2005, despite the fact that we advised the Government, in the Declaration of Sabin Willett filed under seal on September 9, 2005, that our client, Petitioner Saddiq Doe, was the non-combatant known as "Saddiq" and held at Camp Iguana, and we supported this advice with substantial and credible detail in the declaration that has never been contested. Moreover,

1

since September 9, 2005, we have repeatedly advised Government counsel of information concerning Saddiq, and the Government has never denied (i) that there are fewer than ten men held at Camp Iguana, (ii) that one of them is a man called "Saddiq," (iii) that Saddiq is a Saudi of Uighur parentage, and (iv) that Saddiq who is held in Camp Iguana desires that we represent him.

3.  For the same reasons, we believe footnote 16 (at 13) deliberately misleads the Court. The Government knows now, and knew when it filed the Reply, that one of the Petitioners is not an enemy combatant, and that a return can easily be provided. It has provided the footnote in order to lull the Court into believing that there are no non-combatants in the Kiyemba case, when the Government knows that to be false. This is the same blandishment the Government used to deceive Judge Robertson in the *Qassim* case. Indeed, the only thing that has changed here is that the Government is now endeavoring to conceal its misstatements by actively seeking -- through this very motion -- to prevent counsel from meeting with Saddiq.

4.  Counsel has requested to speak with or meet Saddiq on September 1, 17, 23, 28 and 29, and all requests have been denied.

5.  Counsel have only just received a letter written months before the Government's papers were filed, but not delivered to us until September 26, in which Sadeeq *once again* expresses his specific request to meet us. A copy of the English translation is attached hereto as Exhibit A.[1] In the letter, Saddiq further identifies himself as Saddiq Ahmad Turkestani. "Turkestani" is not a surname in the western sense. Uighurs are known as "Turkestanis," and a Saudi of Uighur heritage like Saddiq would often be known as "Saddiq the Turkestani." Saddiq

---

[1] "Saddiq" is of course a transliteration of Arabic characters, and may be rendered in English as Sadeeq (as the translator did in the letter), or Sadiq, or otherwise.

is only one of eight or nine men held at a facility known as Camp Iguana, and the Government's assertion that it does not know who he is simply not credible. As we have elsewhere shown, the fact that the Government continues to try to delay and obfuscate plain facts known to it is particularly monstrous in Saddiq's case, for the Government has already determined that he is not an enemy combatant. This motion can only be seen, then, as an effort to hide from the Court that the Government imprisons a man it has determined to be innocent of any wrongdoing.

6.  Counsel have also just received a letter from their clients Abu Baker Qassim and Adel Abdul Hakim. This letter advises that Petitioner Abdunasir Doe (transliterated in the translation as "Abdul Naser") wants us to act as his attorney.[2] Nor can there be any doubt as to Abdul Naser's identity. He is a Uighur, one of only approximately twenty in Guantanamo. The Court should note that the letter was written on June 14, an delivered to counsel on September 26. The contention that these prisoners can communicate by mail is utterly absurd.

7.  The Government's assertion that we haven't "proven" the two prongs of the *Whitmore* test misses the mark. We are not obliged to address the test until and unless an order to show cause issues, and we believe our papers amply demonstrate why no such order should issue here.

8.  In light of misrepresentations in the case of Saddiq so blatant and plainly intentional, we cannot accept, and the Court should not accept the assertion that "respondents have provided every detainee with adequate means and opportunity to file a habeas petition." The massive delays in the delivery of correspondence put the lie to that claim.

---

[2]  A copy of the English translation is attached as Exhibit B.

3

LITDOCS/617127.1

9. The Government contends that Saddiq does not want to challenge his detention, despite a next-friend petition, the statements of his cellmates, and his letter. Small wonder they will not let us speak to him.

10. The contention that counsel cannot avail ourselves of the access procedures until this motion is argued illustrates the real intention here, which is delay, delay, and more delay. The Protective Order already entered by this Court obligates the Government to grant reasonable access to the base. The Government is in violation of that order.

11. Delay means continued lawless incarceration. It is the harm itself in a habeas case, and should not be countenanced.

## **CONCLUSION**

For the foregoing reasons, Petitioners respectfully ask that the Government's Motion for an Order to Show Cause Why Case Should Not be Dismissed for Lack of Proper Next Friend Standing be denied, or, in the alternative, held in abeyance until a reasonable time after Petitioners' Counsel have been permitted to meet with the Petitioners.

Dated: September 30, 2005               COUNSEL FOR PETITIONERS:


Of Counsel:
                                        /s/   Sabin Willett
                                        --------------------------------------------
    Barbara Olshansky                   Sabin Willett
    Deputy Director                     Neil McGaraghan
    CENTER FOR CONSTITUTIONAL           Jason S. Pinney
    RIGHTS                              Daniel Hunter Kiel
    666 Broadway, 7th Floor             BINGHAM McCUTCHEN LLP
    New York, NY 10012                  150 Federal Street
    Telephone:   (212) 614-6439         Boston, MA  02110-1726
                                        Telephone:   (617) 951-8000
                                        Facsimile:   (617) 951-8925

                                        Susan Baker Manning
                                        Hope M. Jarkowski
                                        BINGHAM McCUTCHEN LLP
                                        1120 20th Street NW, Suite 800
                                        Washington, DC  20036-3406
                                        Telephone:   (202) 778-6150
                                        Facsimile:   (202) 778-6155


                                        David A. Peter
                                        BINGHAM McCUTCHEN LLP
                                        One State Street
                                        Hartford, CT  06103
                                        Telephone:   (860) 240-2700
                                        Facsimile:   (860) 240-2800