## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, *et al.*,<br><br>        Petitioners,<br><br>    v.<br><br>GEORGE W. BUSH,<br>*et al.*,<br><br>        Respondents. | Case No. 1:05-cv-01509-RMU<br><br><br><br>**OCTOBER 6, 2005,**<br>**DECLARATION OF SABIN**<br>**WILLETT** |

Pursuant to 28 U.S.C. § 1746, I, Sabin Willett, declare under penalty of perjury that the following is true:

1.      Attached as Exhibit A is a true and correct copy of a letter from Sadeeq Ahmad Turkestani, believed to be Petitioner Saddiq Doe, received by me on or about August 29, 2005, by hand delivery from Abu Bakker Qassim, during a meeting in Camp Iguana, Guantánamo Bay Naval Base, Cuba. Pursuant to the Amended Protective Order entered in this case on September 13, 2005, I tendered the letter to my Navy escort and it was later delivered to the Secure Facility. At some point in late September, it was translated.

2.      Attached as Exhibit B is a true and correct copy of a portion of my unclassified notes of an August 29, 2005, meeting with Mr. Abu Bakker Qassim at Camp Iguana, Guantánamo Bay Naval Base.

3.      Attached as Exhibit C is a true and correct copy of an e-mail I sent to Mr. Terry Henry on September 1, 2005.

4.      Attached as Exhibit D is a true and correct copy of an e-mail I sent to Mr. Henry on September 16, 2005.

5.      Attached as Exhibit E is a true and correct copy of an e-mail exchange between Mr. Henry and myself on September 16 and 17, 2005.

6.    Attached as Exhibit F is a true and correct copy of an e-mail I sent to Mr. Henry on September 23, 2005.

7.    Attached as Exhibit G is a true and correct copy of an e-mail exchange between Mr. Henry and myself on September 27 and 28, 2005.  Attached to my e-mail was a true and correct copy of the letter from Saddiq found at Ex. A above.

8.    Attached as Exhibit H is a true and correct copy of an e-mail exchange between Mr. Henry and myself on September 29, 2005.

9.    Attached as Exhibit I is a true and correct copy of a letter I sent electronically to Mr. Henry on September 30, 2005.

10.    On September 23, 2005, I was advised by Abu Bakker Qassim in a telephone conversation that an additional non-combatant, an Egyptian, had been moved to Camp Iguana.  I was not permitted to speak with Saddiq.

11.    On July 13 and 14, 2005, I met with Abu Bakker Qassim and Adel Abdul Hakim in Camp Echo.  Each advised me that a man called Saddiq was living with them in Camp 4 and that he had been found "innocent" by his CSRT and desired counsel.

12.    During my meetings with Abu Bakker and Adel on August 29, 2005, both men again advised me that Saddiq wanted counsel.  I advised them that we had already filed a petition for him and other men.

I declare under penalty of perjury that the foregoing is true.

_____

Sabin Willett

October 6, 2005

2

# EXHIBIT A

Dear respected Lawyer,

I am writing this letter to you and I hope you are in the best of health.

My name is Sadeeq Ahmad Tukistani, I was born in Saudi Arabia, I used to hold a Saudi document and there is no embassy that represents me and the reason is that my father immigrated from the Eastern Turkistan to Saudi Arabia and that was because of the war and the prosecution that was taking place in China.

My father had to decide whether to accept a permanent residency or the citizenship of Saudi Arabia. He chose permanent residency, because he thought that the war will be over soon and he will be able to return back to the homeland, however and regrettably, Turkistan fell and it ended up in the clutches of China.

I was born in Saudi Arabia in the region of Taif and I lived there. However I was imprisoned for three years because of a criminal case and after three years I was exiled from Saudi Arabia to Afghanistan. When I reached Afghanistan, we were captured by the members of Al-Qaeda. We were accused that we have been sent by the Saudi government to assassinate Osama Bin Laden. After interrogation I was handed over to the Taliban and I was put under the intelligence in Qandahar for a period of one and a half year. After one and a half year, they moved me to the Qandahar political prison and I stayed there for three and a half years.

After the government of Taliban fell, and the government of Hamid Karzai took over, they handed me over to the Americans. Now, I have been under the control of the Americans for the past three years and eight months.

Six months ago, I was told by the Americans that I am innocent and I am not an enemy combatant.

I have one problem. For the past 8 years I have no information about my family. My family lives in Saudi Arabia in the region of Taif. I would like to request you some humanitarian help to contact my family at telephone number ████████ (for Taif City) and bring me their welfare.

I hereby thank you sincerely and please accept my regards: Sadeeq Ahamd Turkistani.

Note: (I want to meet you personally)



UNCLASSIFIED

**<u>EXHIBIT</u> <u>B</u>**

SIGNED REQUEST

15 of 30

Adel

Abu Bukker

Ahmet Adil

Ehter

~~Katter~~ Qasim

AYOUB HAJI MAMET.

SIDICK Ahmet.          SAUDI BON U.6Hm.

SIDICK' Letter in ARABIC

SIDICK SPEAKS GOOD ARABIC

FAMILY 50 YRS — NO PASSPORT

New Lawyer Request

ISN  798

NAME:   FETHI   BOUCETTA

NATIONALITY:   ALGERIAN

AT IGUANA

REQUESTING A LAWYER.

UZBEK CITIZEN OF RUSSIA

ZAKIRJAN    672

speaks RUSSIAN
Uzbek.

ALSO AT IGUANA.

wants a lawyer

He is ALSO CLEARED.

Things not going smooth w/ his country.

**FOUO**

**<u>EXHIBIT</u> <u>C</u>**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Thursday, September 01, 2005 10:09 AM |
| **To:** | 'terry.henry@usdoj.gov' |
| **Cc:** | zzm gitmo habeas; 'bolshansky@ccr-ny.org'; 'tfoster@ccr-ny.org' |
| **Subject:** | Qassim/Hakim/Saddiq Doe aka Saddiq al Bukhari |

Terry, I have several requests.

1.    We would like to schedule telephone calls with our clients Messrs. Qassim and Hakim for the second or third week of September.  We would also like to request another phone call between our client Mr. Hakim and his sister Kavser Hakim at the same or about the same time.  We request an hour for each phone call.

2.    We also request that Ms. Hakim be permitted to speak to her brother from her home. We believe that Mr. Hakim will be able to confirm that it is indeed his sister who is speaking and I assume your people will in any event be listening in to ensure that no truly classified information concerning the layout of the camps or the like is being communicated.  At the hearing, you said that she was not on a secure line, and had been brought to the embassy only to confirm her identity.  I think it was plain that Judge Robertson regarded that as unnecessary.

We ask that the personal call be scheduled for after (which may be immediately after) the attorney-client call.

3.    We request an immediate phone call with any of our other clients who may have been determined not to be an enemy combatant.  Please note that among our clients is a Uighur who may be a Saudi resident named Saddiq.  He may also be known as Saddiq al Buhkari.  He is one of the petitioners in the Kiyemba petition.

4.    I will write you separately with a list of requests for changes to the protective order with respect to prisoners who have been determined in the CSRT process not to be enemy combatants.

Regards,
Sabin

1

**<u>EXHIBIT D</u>**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Friday, September 16, 2005 4:19 PM |
| **To:** | 'Terry.Henry@usdoj.gov' |
| **Subject:** | RE: Qassim/Hakim/Saddiq Doe aka Saddiq al Bukhari |

Terry, I heard that we may be on for telephone calls for Sept 23.  Is that correct?  Will this include Saddiq?  Will we have a chance for family members to speak?

**<u>EXHIBIT</u> <u>E</u>**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Saturday, September 17, 2005 12:05 PM |
| **To:** | 'Terry.Henry@usdoj.gov' |
| **Cc:** | Manning, Susan Baker |
| **Subject:** | RE: Qassim/Hakim/Saddiq Doe aka Saddiq al Bukhari |


Do you mean Sept. 23?

Are you saying that there is no Saddiq in Camp Iguana?  We understand him to be a Uighur speaker whose parents had relocated to Saudi Arabia, who is being held in Camp Iguana, and who has been advised that he is "NLEC."

-----Original Message-----
From: Terry.Henry@usdoj.gov [mailto:Terry.Henry@usdoj.gov]
Sent: Friday, September 16, 2005 6:28 PM
To: Willett, P. Sabin
Subject: RE: Qassim/Hakim/Saddiq Doe aka Saddiq al Bukhari


Sabin,

The Aug. 23 date is one we're shooting for for your call with the Qassim petitioners, as well as a follow-on call between Mr. Hakim and his sister, but the date is still up in the air, as is the issue of whether Mr. Hakim's sister will need to travel to the US Embassy in Stockholm for the call.  We will notify you as soon as these matters are finalized.  In the meantime, let me know if Aug. 23 would not be doable on your end.  Thanks.

As to a call with the alleged petitioner you refer to as Saddiq, DoD has been unable to identify this alleged petitioner based on the information you have provided.  In any event, as noted in our motion for an order to show cause, the Kiyemba suit is not a proper suit on behalf of the purported petitioners therein.  And as to your earlier request for call with any of your alleged petitioners who are NLECs, as noted in our motion to show cause, the alleged petitioners whom DoD has been able to identify as of this date, all are enemy combatants (EC s).

Regards,

Terry M. Henry
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
Tel. 202.514.4107

-----Original Message-----
From: sabin.willett@bingham.com [mailto:sabin.willett@bingham.com]
Sent: Friday, September 16, 2005 4:19 PM
To: Henry, Terry (CIV)
Subject: RE: Qassim/Hakim/Saddiq Doe aka Saddiq al Bukhari

Terry, I heard that we may be on for telephone calls for Sept 23.  Is that correct?  Will this include Saddiq?  Will we have a chance for family members to speak?

**EXHIBIT F**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Friday, September 23, 2005 3:03 PM |
| **To:** | 'terry.henry@usdoj.gov' |
| **Cc:** | zzm gitmo habeas; 'bolshansky@ccr-ny.org' |
| **Subject:** | Kiyemba v. Bush/Sadiq Doe |

Dear Terry:

Please consider this electronic message a formal request for immediate telephonic contact with our client Sadiq Doe, one of the Petitioners in Kiyemba v. Bush, a case pending before Judge Urbina.

Sadiq is of Uighur parentage, but was born and raised in Saudi Arabia. He has been determined by CSRT not to be an enemy combatant and currently is jailed at Camp Iguana, Guantanamo Bay, where he is one of only nine detainees held there. It will be a simple matter for you to confirm his identity. He has repeatedly requested, through other detainees, access to us, as his attorneys.

I have information as to what I believe to be his ISN which I can share with you on your request. We propose to have a secret-cleared Arabic interpreter on the call with Sadiq. The Arabic interpreter would be in my office with me for the call. He and I would confirm his identity to you both before the call and at the outset of the call with the JAG officer in the camp.

I am advised that our client has asked for leave to contact his family in Saudi Arabia, and has a phone number for his family. We request that you immediately provide us with that phone number.

We expect to make a motion for this and other relief before Judge Urbina next week, unless you advise that it can be arranged consensually.

Thank you for your attention to this matter.

Very truly yours,

Sabin Willett

**<u>EXHIBIT</u> <u>G</u>**

## Harding, Paula B.

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Wednesday, September 28, 2005 1:58 PM |
| **To:** | 'terry.henry@usdoj.com'; 'robert.katerburg@usdoj.com' |
| **Cc:** | zzm gitmo habeas; 'bolshansky@ccr-ny.org' |
| **Subject:** | Kiyemba/Saddiq Doe aka Saddiq Ahmad Turkestani//Edham Mamet/Interpreter Issues |

Dear Terry:

Thank you for your response.

1. With respect to Saddiq Doe, I have several reactions. First, **our information is that his ISN is 491.** "Saddiq" is of course a transliteration of Arabic characters, and in English the name might be spelled in different ways, including as "Sadeeq," as the translator of the attachment did, and "Sidick." But we are struggling to understand the contention that you are unable to identify him, for several reasons. First and foremost, he is at Camp Iguana, and only NLECs (as you call them) are at Camp Iguana, and indeed there are very few of them -- only eight or nine, of which two are Adel and Abu Bakker, leaving at most six or seven. As we have said before, he is a Saudi of Uighur ancestry. Is it really the government's position that it can identify no Saudi NLEC of Uighur heritage who is one of six or seven men at Iguana and whose name, transliterated to English characters, is "Saddiq" or something like "Saddiq?" Our information is that, at least as of August 29, there was no other person in Iguana with a similar name, and no other Saudi at Iguana.

As an NLEC, Saddiq would have been through a CSRT. Is it the government's position that there is no CSRT **with an NLEC determination** for a Saudi whose first name is Saddiq or something like Saddiq?

We believe that Saddiq earnestly desires that our firm represent him because (i) of the Kiyemba next-friend authorization, (ii) because our clients Adel and Abu Bakker have twice advised us that Saddiq desires this, and in both cases advised that Saddiq lives with them, and (iii) because we have just received from the secure facility a letter from Saddiq. Evidently it was written many months ago. We have just had it translated and I attach to this email a copy of the translation (which is unclassified, and from which I have redacted a telephone number given to us for Saddiq's family). It makes abundantly clear that Saddiq exists and desires that we personally meet and represent him. It also states that Saddiq is known as Saddiq Ahmad, Turkestani, or perhaps Saddiq Ahmad [al] Turkestani (i.e. Saddiq the Turkestani), as would be customary in Saudi culture.

We renew our urgent request for an immediate telephone call to Saddiq at Camp Iguana. I can assure you that as with any client, if we learn that the client would prefer that we not represent him, we will take appropriate steps.

2. With respect to interpreters, it is my information that the interpreters Ms. Venturi has identified have not yet obtained secret clearance, and so we are unable to use them yet. We would be willing to use them provided that we can promptly schedule visits to our clients Edham and Saddiq with them. But if they are to be hung up in security clearances, then we are back to our problem of having no interpreter, even for NLECs.

As a solution, I would request that Mr. Turkel be approved as well, and that we be authorized to use him as an interpreter as and to the extent no secret-cleared interpreter is available for a visit. If a secret-cleared interpreter is available, we will use him or her. I will send on another email to the CSOs about this point. **To this end, however, we would like to schedule visits to Sadiq Ahmad Turkestani, no. 491, in Camp Iguana, as well as our client Edham Mamet, as soon as possible.**

3. Thank you for the information regarding my declaration.


-----Original Message-----

From: Terry.Henry@usdoj.gov [mailto:Terry.Henry@usdoj.gov]

Sent: Tuesday, September 27, 2005 7:32 PM

To: Willett, P. Sabin

Cc: Robert.Katerberg@usdoj.gov

Subject: Your e-mails


Sabin:

I am, among other things, responding to the two e-mails you sent me on Friday.

With respect to "Sadiq" Doe, the identification problem stems from the fact that various pieces of identifying information you have given us over the past two months are internally inconsistent, i.e., point to different individuals. In addition, depending on which piece of identifying information is used, it appears that the individual you are seeking to represent may already have a petition for habeas pending filed by other counsel, making your petition duplicative. Both of these issues, of course, seem related to the fact that the next friend petitioner who purports to be acting on "Sadiq's" behalf apparently does not know him very well at all, raising serious doubts about the propriety of his serving as a next friend, as expressed in our recent motion. Obviously, we would need to get the identification issues, as well as the outstanding questions about next-friend standing, straightened out before we could entertain any request for a telephone call. Please advise what ISN you believe "Sadiq" has and what is the basis for that belief. In that same vein, if you have information that "Sadiq" has asked you in some fashion to represent him directly, then please advise.

With respect to your request regarding Mr. Turkel, when the issue of a clearance for Mr. Turkel arose earlier in the summer, the CSOs had undertaken the exploration of whether he, as a non-citizen, could qualify. My understanding was that the CSOs' identification for you of one or two Uighur interpreters who were US citizens, and who are currently in the process of obtaining at least interim clearances, obviated the need to continue that exploration. If you wish to raise the matter related to Mr. Turkel again, please contact the CSOs, who may be able to provide some guidance.

Finally, I am informed that your September 8, 2005 filing in Qassim v. Bush (05-497-JR), captioned as "September 8, 2005 Declaration of Sabin Willet" has been determined to be unclassified. You may file it on the public record.

Regards,

Terry M. Henry

Senior Trial Counsel

Civil Division, Federal Programs Branch

U.S. Department of Justice

Tel. 202.514.4107

**EXHIBIT H**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Thursday, September 29, 2005 5:27 PM |
| **To:** | 'Terry.Henry@usdoj.gov' |
| **Cc:** | Andrew.Warden@usdoj.gov; Robert.Katerberg@usdoj.gov; Manning, Susan Baker; 'clivess@mac.com'; 'bolshansky@ccr-ny.org' |
| **Subject:** | Saddiq Doe no. 491, Camp Iguana |

Dear Terry:

Stop it with this.  Just stop it.  You really should be embarrassed by this.  It is now plain that either you or the DoD or both is/are deliberately trying to hide from the Court the fact that you have an NLEC called Saddiq at Iguana.  You are openly and deliberately preventing this man from speaking with his counsel.

Specifically:

1.    If you think Saddiq Turkestani is Adel Turkestani, have you notified Mr. Stafford Smith of that fact?  Have you told him that his client is NLEC?  That he is at Iguana? Have you told the Court in that case?  Have you even checked to see whether Mr. Stafford Smith has met his client?

2.    Where is the man you refer to as "Adel Turkestani" housed?  If it is not Iguana, and I believe it is not, then you know that it is someone else.  We have information that there is indeed another Uighur called Adel (not my client in the Qassim case, another). I'll bet that is who you are referring to.   WHAT IS THIS ADEL's ISN?

3.    On what basis do you believe that Sadeeq Turkestani is "Adel" Turkestani?  Is there a second Adel in Camp Iguana?  I do not believe that there is.

4.    I am sure you are aware that Uighurs are culturally and customarily known by their first name, and often a surname simply reflects the person's place of origin. "Turkestani" as a surname is simply "the Turkestani."  In other words, we have Saddiq the Turkestani, and Adel the Turkestani.  Both are "Turkestanis" which as you well know means Uighurs from the Xingxiang region of China.

5.    What makes you think that Mr. Smith would have obtained a second next-friend petition for the same person?  These are serious allegations you are making and I hope there is a basis for them.

6.    Your email doesn't mention the ISN, which I provided to you.  Is there, or is there not, a Saddiq ISN 491 at Iguana?

7.    If you really doubt whether he wishes to retain us, why don't you ask him?  Please ask Lt. Commander DeAlicante to ask Saddiq, no 491 at Camp Iguana TOMORROW MORNING whether he wishes to hire me.

8.    I have never seen the envelope.  Next time we are in the SF, we will get it for you. But you might ask the CSOs.  It was they who delivered the letter to us in the SF.  I can only presume that they did so because it was addressed to us.

9.    Saddiq's letter says (i) that he wants to see us, (ii) that he is NLEC.  Even if arguendo there are now two petitions out there for him, and I don't believe that there are, but even if there are this man is entitled to see his lawyer.  If he has more than one lawyer he is entitled to see one of them or both of them.  But you know and I know that this is not the case.  Saddiq no. 491 in Iguana is not Adel in the other case. Saddiq has retained us and we have filed for him and we want to see him.

Shame on you.

I will write you separately on Abdunaser.  We have a lawful next friend and there is more.

1

I DEMAND TO SEE MY CLIENT SADDIQ AT ONCE.

-----Original Message-----
From: Terry.Henry@usdoj.gov [mailto:Terry.Henry@usdoj.gov]
Sent: Thursday, September 29, 2005 4:14 PM
To: Willett, P. Sabin
Cc: Andrew.Warden@usdoj.gov; Robert.Katerberg@usdoj.gov
Subject: RE: Kiyemba/Saddiq Doe aka Saddiq Ahmad Turkestani//Edham
Mamet/Interpreter Issues


Sabin:

Thank you for your email containing additional identifying information for petitioner
"Sadiq Doe," which includes, for the first time, the surname Turkestani.

You had previously advised, on September 1 and continuing thereafter, that you believed
"Sadiq Doe" to have the surname Bukhari, which has complicated the identification process.
We assume that, now that you have confirmed that the surname of the individual you purport
to represent is Turkestani, the earlier references to surname Bukhari were a mistake and
should be disregarded.  Please advise if that is not correct.

With the additional identifying information you have provided, it has been determined that
to the best of the government's knowledge, the individual you purport to represent already
has a habeas case pending on his behalf, Sliti v. Bush, Civ. A. No. 05-429(RJL), in which
he is listed as Adel Turkestani.  This case was filed on or about February 14, 2005, by
attorney Clive Stafford Smith.  If you would like a copy of the petition in Sliti, please
advise and we will be happy to provide one.  We presume you are already working with Mr.
Smith since as part of a recent filing in Kiyemba you submitted a declaration by him, and
since what your email calls the "Kiyemba next-friend authorization" actually purports to
authorize Mr. Smith as lawyer for the listed detainees.  In any event, if you wish to
represent a detainee who already has a pending habeas case as co-counsel with Mr. Smith,
the appropriate course would be to enter an appearance in the earlier-filed case, and to
dismiss that detainee from the duplicative petition.  Pursuant to standing instructions
from the court, we intend to file shortly a notice of duplicative petitions in Sliti and
Kiyemba with respect to Mr. Turkestani.

Thank you for providing a copy of the letter from Mr. Turkestani which you obtained from
the Secure Facility.  It is unclear from the translation copy whether the letter, which is
addressed to a "lawyer" generically, was addressed specifically to you, to Clive Stafford
Smith, or to some other person.  In this regard, we note that your email claims the letter
was written by Mr. Turkestani "many months" ago, which we gather means before your August
1 filing of a habeas case on his behalf and before the privileged-mail provisions of the
protective order would have applied making it possible for Mr. Turkestani to send legal
mail to you through these channels.  If you wish to have this letter taken into
consideration by the government as authorization for you and your firm to represent Mr.
Turkestani, please let us know to whom the letter was originally addressed, and provide a
PDF or other copy of the complete original of the letter and envelope in which it was
contained (we do not object to the redaction of the phone number).

As to the interpreter and visit issue, our understanding is that a decision regarding
clearances for one or more of the citizen-interpreters should be coming soon, although we
do not control that process, and I understand that you, appropriately, have confirmed this
with the CSOs.  Assuming clearances are granted, that would enable you to schedule a visit
with Messrs. Mamet, Qassim, and Hakim in the near future, as you have requested in an e-
mail today to Andrew Warden, subject to logistical constraints applicable to habeas
counsel visits.  Andrew will contact you about that.  Obviously, we need to get the
outstanding questions about next-friend standing and proper representation/authorization
straightened out prior to processing requests for visits with any of the Kiyemba
petitioners, including Mr. Turkestani and the petitioner identified as Abdunaser Doe.  In
that vein, if you have information that Abunaser Doe has asked you in some fashion to
represent him directly, then please advise.

Sincerely,

Terry M. Henry

**EXHIBIT I**

**Harding, Paula B.**

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Friday, September 30, 2005 4:49 PM |
| **To:** | 'terry.henry@usdoj.gov'; 'robert.katerberg@usdoj.gov' |
| **Cc:** | 'bolshansky@ccr-ny.org'; Manning, Susan Baker; zzm gitmo habeas |
| **Subject:** | Kiyemba v. Bush/Saddiq Doe |

**Importance:** High



Scanned_.pdf

       Dear Counsel:

Please see attached correspondence.

Very truly yours,
Sabin Willett

BINGHAM McCUTCHEN

Sabin Willett, Esq.
Direct Phone: (617) 951-8775
Direct Fax:    (617) 951-8736
sabin.willett@bingham.com

September 30, 2005

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

_**VIA ELECTRONIC MAIL & FEDEX**_

Terry Henry, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7144
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, DC  20530

**Re:**   _**Jamal Kiyemba as Next Friend of Abdusabur Doe, et al. v. Bush, et al.**_
     _**Case No. 1:05-cv-01509-RMU**_

Dear Terry:

I have requested to speak with or meet my client Saddiq, a petitioner in the _Kiyemba_ case, who, I am advised, is held at Camp Iguana, on several occasions, as long ago as September 1.  I believe the evidence shows that, at least since September 9, 2005, when the government received my declaration under seal in this case, you and your colleagues, and the Government have been aware that our client "Saddiq Doe" is the Saudi of Uighur heritage imprisoned in Camp Iguana, who has been determined (as have all the prisoners in Camp Iguana) by the Government not to be an enemy combatant.

The record of our communications concerning this matter, and of Respondents' "Reply in Support of Motion for Order to Show Cause..." filed by the Government on or about September 22 in the _Kiyemba_ case (the "Reply"), is plain.

I have reviewed the Protective Order that was entered by Judge Urbina in this case, which obligates the government to make "reasonable efforts ... to accommodate the counsel's request for a meeting."  I believe the Government is in contempt of that provision of the Order.

LITDOCS/617359.1

Terry Henry, Esq.
September 30, 2005
Page 2

Bingham McCutchen LLP
bingham.com

I also believe that the assertions contained at pages 12-13, nn. 15, 16 of the Reply are knowing and deliberate falsehoods.  The first assertion, contained in n. 15, is that "of the petitioners whom respondents have been able to arguably identify as of this date, all are held as enemy combatants."  According to substantial evidence, which you have not denied, Saddiq, a prisoner at Camp Iguana, is not held as an enemy combatant.  The Government also knew at the time the Reply was filed, because we had repeatedly said so before that paper was written, that this Saddiq is the "Saddiq Doe" who is a petitioner in the *Kiyemba* case.

For the same reasons, the statement contained in footnote 16 is intentionally misleading to the Court (and astonishingly, reprises the deception that was undertaken on Judge Robertson in the *Qassim* case).  It is the Government's aim to suggest that the petitioners in Kiyemba are all "enemy combatants," which the Government, and the writers of the Reply knew to be false at the time the Reply was written, and further to suggest that responding to the petition would require burdensome redaction of classified information, which the Government, and the writers of the Reply also knew to be false at the time the Reply was written.

Since then, you have received Saddiq's correspondence and further information from this firm.  You are under a duty to supplement the Reply to the extent that you know it to contain false statements, which you do now.

These are not trivial or innocent mistakes.  They go to the heart of the illegal imprisonment that is challenged by this case, and are, the record will show, a deliberate attempt to avoid the embarrassing disclosures that the Government was forced to make in *Qassim*.  I therefore believe that these misrepresentations violate the obligations of the Respondents and their counsel under Fed. R. Civ. P. 11(b), as well as their duties of candor to the tribunal under the applicable ethical rules.

I therefore request that you immediately take the appropriate steps to purge the contempt and the sanctionable conduct.  These steps must include the following.

      A.    As to the contempt, you must immediately approve our meeting with our client Saddiq at Camp Iguana.

      B.    As to the sanctionable conduct, you must immediately advise the Court in *Kiyemba* that the statements in notes 15 and 16 of the Reply are false, and that in fact the Government knows that one of the petitioners in Kiyemba, Saddiq Doe, is not an enemy combatant.

Terry Henry, Esq.
September 30, 2005
Page 3

I am also requesting, in light of what Saddiq has been put through, that you immediately permit us to speak with him by telephone.

I regret that your failure to purge the contempt and the sanctionable conduct that has occurred will leave me no alternative but to make motions for sanctions under Fed. R. Civ. P. 11(c), and to make such other formal applications for relief as may be necessary and appropriate.

The matter is urgent. Because the Government's conduct in this matter misleads the court in connection with the pending next-friend motion and illegally interferes with our attorney-client relationship, I must insist that you **immediately** purge this misconduct. Your failure to do so will leave us no option but to proceed formally.

Very truly yours

~~Sabin~~ Willett

PSW/kmc
Enclosure

cc:    Robert Katerberg, Esq.
       Susan Baker Manning, Esq.
       Andrew Warden, Esq.
       Barbara Olshansky, Esq.
         (each via electronic mail)

Bingham McCutchen LLP
bingham.com