UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents/Defendants. | Case No. 1:05-cv-01509-RMU |

REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR CONTEMPT

On October, 19, 2005, the Government served on counsel its opposition to Petitioner's Motion to Hold Respondents in Contempt of Protective Order. Petitioner submits this brief reply.

1. A growing mountain of papers -- both as to this motion and related disputes -- shows that the Government is engaged in a systematic campaign to prevent clients from meeting lawyers and lawyers from meeting clients. When lawyers meet clients, facts that were secret -- like the fact that Saddiq is not an enemy combatant -- come to light. What is urgently needed is a practical solution: access to clients.

2. Only after this motion was filed, the Government yielded a visit to Saddiq, now scheduled for November 14, three and one half months after his petition was filed.

3. However, the Government persists in its refusal to afford reasonable counsel access to the nine *other* petitioners in this case. Each of them, like Saddiq, is subject to this Court's protective order. As we have already shown, this order obliges the Government to afford reasonable access to counsel. The Government's argument to the effect that it is not bound by

1

the protective order is meritless, and only shows the lengths to which it will go to prevent any fact from ever coming to light in this Court.

4.  The pendency of a motion for an order to show cause does not stay the effect of this Court's protective order.

5.  The problem is urgent. Among other things, we have no way of knowing whether any of our other clients is participating in the hunger strike, *in extremis*, or otherwise in need of urgent relief from the Court.

6.  The specific problem of the other petitioners was not raised in the original motion. We have requested leave to meet our other clients several times and the Government has denied it. We would be constrained to raise this issue by new motion for contempt, leading to more rounds of briefing, more needless filings, more delay.

7.  As a practical matter, we have a base visit scheduled in mid-November. There is no reason why that visit could and should not be expanded to permit us to visit our other clients.

8.  We suggest a practical solution. We request that the Court promptly schedule a brief hearing -- which may be a telephonic hearing, if the Court prefers -- at which we may address the issue of counsel access and base visits (and any other scheduling or procedural issues that the Court would like the parties to address).

**WHEREFORE**, we request that the Court promptly schedule a hearing, for the purpose of resolving counsel access issues presented by the Motion and of entering appropriate relief in connection with the Motion.

3

Dated: October 20, 2005

Respectfully submitted,

COUNSEL FOR PETITIONER:

*[signature]*
Sabin Willett
Neil G. McGaraghan
Jason S. Pinney
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
Telephone:  (617) 951-8000
Facsimile:   (617) 951-8925

Susan Baker Manning
**BINGHAM MCCUTCHEN LLP**
1120 20th Street NW, Suite 800
Washington, DC  20036
Telephone:  (202) 778-6150
Facsimile:   (202) 778-6155

Farschad Farzan
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, CA 94111
Telephone:  (415) 393-2000
Facsimile:   (415) 393-2286

Barbara Olshansky
Deputy Director
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439

3