UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMAL KIYEMBA, as Next Friend of
ABDUSABUR DOE, *et al.*,

      Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al.*,

      Respondents/Defendants.

Case No. 1:05-cv-01509-RMU

## PETITIONER SADDIQ DOE, AKA SADDIQ AHMAD TURKESTANI'S MOTION FOR IMMEDIATE PRODUCTION OF THE BODY AND GRANT OF WRIT, OR, IN THE ALTERNATIVE, GRANT OF INTERIM RELEASE

Petitioner Saddiq Doe, a.k.a. Saddiq Ahmad Turkestani files this motion to vacate stay order and immediately grant writ of habeas corpus. Respondents admit that Petitioner was exonerated by the Government's own Combatant Status Review Tribunal ("CSRT") procedure and yet continue to hold him in a high-security prison at the Government's prison in Guantanamo Bay, Cuba. As grounds for this motion, Petitioner relies on the August 10, 2005 and September 19, 2005 Declaration of Sabin Willett filed in Qassim v. Bush, No. 05-cv-0497(JR), and his Memorandum of Law, and says:

    1.    The Government on October 11, 2005 for the first time admitted that the Petitioner is not an "enemy combatant." In light of this admission, there is no legal basis for detention.

    2.    Petitioner continues to be held at the detention facility at the United States Naval Base at Guantanamo Bay, Cuba.

3. On information and belief, the CSRT finding was made many months ago, and yet the Petitioner continues to be held in a high-security prison.

4. In light of the Government's belated admission, this case is now situated precisely as was *Qassim v. Bush*, No. 05-cv-0497 (JR) (hereinafter, "*Qassim*").

5. Petitioner's counsel in this case also represented the Petitioners in *Qassim*.

6. Because these cases are similarly situated, Petitioner submits two declarations filed in *Qassim* in support of his motion: (1) August 10, 2005 Declaration of Sabin Willett and (2) September 19, 2005 Declaration of Sabin Willett.

7. **Pursuant to Local Civil Rule 7(f), Petitioner requests a hearing on this motion.**

WHEREFORE Petitioner requests that:

A. The Court vacate its order staying these proceedings, to the extent that the same has not been reconsidered;

B. The Court immediately issue a writ of habeas corpus and thereafter direct the Government to release the Petitioner from prison; or alternatively, grant interim release;

C. The Court reaffirm, pending further hearing and order, that portion of its September 13, 2005 order prohibiting the Government from transferring or rendering the Petitioner to another country without 30 days notice to the Court and Petitioner's counsel, as transfer or rendition to certain countries would likely subject Petitioner to torture or death;

D. The Court convene a hearing as soon as possible to address any practical issues arising from the release of Petitioner; and

E. The Court grant Petitioner such other and further relief as may be just and proper.

Dated: October 17, 2005

Respectfully submitted,

COUNSEL FOR PETITIONER:

_____
Sabin Willett
Neil G. McGaraghan
Jason S. Pinney
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8925

Susan Baker Manning
**BINGHAM MCCUTCHEN LLP**
1120 20th Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

Farschad Farzan
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Barbara Olshansky
Deputy Director
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439