UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMAL KIYEMBA, as Next Friend of
ABDUSABUR DOE, *et al.*,

    Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 1:05-cv-01509-RMU

**PETITIONERS' EMERGENCY
MOTION FOR PRODUCTION OF THE BODY**

Pursuant to 28 U.S.C. § 2243 (cl. 5th), each of the Petitioners hereby moves on an emergency basis for an order vacating the stay and directing that the Respondents immediately produce the body of each Petitioner in this Court. As grounds, Petitioners say:

1. Each of the Petitioners is held unlawfully at the United States Naval Station at Guantanamo Bay, Cuba.

2. Each of the Petitioners has a petition for *habeas corpus* relief pending in this Court.

3. Each of the Petitioners denies that he is or ever has been an "enemy combatant," and further denies that there is any lawful basis for his detention. Indeed, the Government has conceded that one of the Petitioners, Siddiq Ahmed Turkistani, is not an enemy combatant. Accordingly, there are factual disputes with respect to the case of each petitioner.

4. Under *Rasul v. Bush*, 542 U.S. 466, 485 (2004), each petitioner is entitled to an immediate factual hearing in this Court on the question whether there is a lawful basis to hold him.

5. Pursuant to 28 U.S.C. § 2243 (cl. 5th), each petitioner has a present right to an order from this Court that the body of the petitioner be produced in Court in furtherance of that hearing.

6. There is pending in Congress draft legislation that would purport to strip this Court of jurisdiction of any *habeas* case based solely on the geographical presence of a petitioner at Guantanamo Bay. Although it is unclear whether such legislation would or even could purport to strip such jurisdiction in a pending case, it now appears likely that this legislation will be enacted in a matter of days.

7. There is no basis for the imposition of the stay, as the right to a factual hearing under *Rasul* is plain. Any further delay by this Court in compelling the Government to comply with the existing statutory requirement that the body be produced could work enormous hardship on the Petitioner in the event the statute is amended. At a minimum, it may lead to extensive delay and litigation over the question whether the purported amendment lawfully may be applied to Petitioner. In the worst case, it might deprive them of the right to be heard at all, a right that presently exists and unlawfully has been denied to each Petitioner.

WHEREFORE, Petitioners request that the Court forthwith vacate the stay and order the bodies of the Petitioners forthwith to be produced in Court, for further hearing on the merits of the petition.

Dated: December 15, 2005

Respectfully submitted,

COUNSEL FOR PETITIONERS:

_____
Sabin Willett
Neil G. McGaraghan
Farschad Farzan
David A. Peters
Jason S. Pinney
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
Telephone:  (617) 951-8000
Facsimile:  (617) 951-8925

Susan Baker Manning
BINGHAM MCCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036
Telephone:  (202) 778-6150
Facsimile:  (202) 778-6155

Barbara Olshansky
Deputy Director
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439