## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ABU BAKKER QASSIM and ADEL ABDU AL-HAKIM, | : | |
| Petitioners-Appellants, | : | |
| v. | : | No. 05-5477 |
| GEORGE W. BUSH, *et al.*, | : | |
| Respondents-Appellees. | : | |

## ON APPEAL FROM A FINAL JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

### DECLARATION OF J. WELLS DIXON

I, J. WELLS DIXON, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am an attorney at Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036 ("Kramer Levin"). I am licensed to practice law in the States of New York and Colorado. I submit this declaration in support of the appeal filed by petitioners Abu Bakker Qassim and Adel Abdu Al-Hakim ("Petitioners") in the above-captioned action.

2.     Kramer Levin is counsel to petitioners Ayoub Haji Mamet, Ahmad Doe and Aktar Doe in the case *Mamet v. Bush*, C.A. 05-CV-1886 (EGS), pending before the Honorable Emmet G. Sullivan in the U.S. District Court for the District of Columbia. Like Petitioners, Kramer Levin's clients are Uighurs who have been detained for approximately four years at the U.S. Naval Station at Guantanamo Bay, Cuba ("Guantanamo"). Also like Petitioners, the U.S. Government has determined that our clients are no longer enemy combatants and should be released.

1

3. When not being subjected to discipline, our clients are held in Camp Iguana at Guantanamo with other detainees whom the Government has determined are no longer enemy combatants.

4. I am informed and believe that since late-August 2005, counsel for non-enemy combatants have been permitted to meet with their clients in Camp Iguana, and that those clients were not shackled for such meetings.

5. On March 13-17, 2006, I and other attorneys and a paralegal from Kramer Levin were in Guantanamo to meet with our clients.

6. In the weeks prior to our visit, I made at least three separate requests to the Justice Department for permission to meet with each of our clients in Camp Iguana on each day of our visit to the base.

7. However, we were not permitted to meet with our clients in Camp Iguana during our visit to Guantanamo. We were informed by an officer from the Staff Judge Advocate's ("SJA") Office that Colonel Mike Bumgarner, Commander of the Joint Detention Operations Group at Guantanamo, had recently ordered that henceforth all counsel visits with non-enemy combatants must take place in Camp Echo.

8. On each day of our visit, we reiterated our request for permission to meet with our clients in Camp Iguana. Each request was denied by SJA officers. SJA officers also denied our separate requests for permission to tour Camp Iguana.

9. Accordingly, we met with our non-enemy combatant clients in Camp Echo on March 14-16, 2006. At various times during our visit, our clients were shackled to bolts in the floors of their isolation cells in Camp Echo.

2

0458

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  Washington, D.C.
           March 20, 2006

_____
                    J. Wells Dixon

0459