## McGaraghan, Neil

| | |
|---|---|
| **From:** | Willett, P. Sabin |
| **Sent:** | Wednesday, March 22, 2006 4:22 PM |
| **To:** | 'robert.loeb@usdoj.gov' |
| **Cc:** | 'terry.henry@usdoj.gov'; 'robert.katerberg@usdoj.gov'; 'andrew.warden@usdoj.gov'; zzm gitmo habeas; 'bolshansky@ccr-ny.org' |
| **Subject:** | Letter to Col. Bumgarner |


Scanned_.pdf

Dear Robert:

Enclosed is a letter from me to Col. Bumgarner at JTF Gitmo. I request that you forward the letter to Col. Bumgarner, as I am not at liberty to do so myself in view of the litigation.

We understand that the command has reinstituted the Camp Echo protocol for base visits to our NEC clients. I request in the letter (and in this email) a chance to speak both with DoJ and DoD about this. Such a protocol ill serves my clients' interests, but I believe that it also does not serve the interests of the Command. Outward signs and symbols that the men's situation is actually worsening will only make the situation more tense.

In our most recent call and visit to the base, we have urged restraint on the men, and I believe that we had some success (at least in January; I don't know what has happened since then). Though we have many differences in court, it need not be so at the base, and I hope that we might have a dialogue (on an off the record basis, if you would like) so that we can explore how habeas counsel can be more sensitive to the concerns of the command, and at the same time perhaps identify protocols that will not further stress an already stressful situation.

We would be available at your convenience to discuss this with the base and your office. Please try to facilitate something soon.

I should point out that I believe you are probably hearing from other NEC counsel as well. I would propose that some small group of us participate in a call or a meeting.

Thanks very much.

Very truly yours,

SW

1

BINGHAM McCUTCHEN

Sabin Willett
Direct Phone: (617) 951-8775
Direct Fax:   (617) 951-8736
sabin.willett@bingham.com

March 22, 2006

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Colonel Michael I. Bumgarner
Commander, Joint Detention Group
JTF - Guantanamo
Guantanamo Bay, Cuba
c/o Robert Loeb, Esq.
Department of Justice
20 Massachusetts Avenue, NW
Washington, DC  20530

Dear Colonel Bumgarner:

> Re:   **Abu Bakker Qassim;**
>       **Adel Abdul al-Hakim**

Our firm is counsel to Messrs. Abu Bakker Qassim and Adel Abdul al-Hakim, two of the men held at Camp Iguana. As I am not permitted to write to you directly, I am hopeful that the Department of Justice will see fit to forward this letter to you.

I understand from counsel to other Iguana detainees that you recently ordered that henceforth all counsel visits must be conducted in Camp Echo. This means of course that the clients must be held for some period of time in solitary confinement and are shackled for transportation, as well as, perhaps, day visits. I write to request that you reconsider and modify this order.

In my recent communications with clients (both on the telephone and in person) I have noted the growing despair and anxiety about the apparent endlessness of their imprisonment. No doubt the command has observed this too. I understand that, at least in one case, another detainee has "acted out" in ways that were unfortunate. For our part, our firm has urged restraint and I believe that as of January we had had some success in this regard although my information is now somewhat dated.

As time passes the men grow more impatient, but it is our intention to continue to urge restraint and to try to work a solution to the problem though the

Colonel. Michael Bumgarner
March 22, 2006
Page 2

Bingham McCutchen LLP
bingham.com

judicial and diplomatic processes. I believe the clients trust us and are inclined to put faith in our advice.

To this end, I believe it ill-serves either my clients' interests or the command's to revert to the Camp Echo interview protocol. As a symbol, of course, Camp Echo is deeply troubling to the men, as it is to us. By contrast, meetings in Iguana are conducive to our interest in the men's comfort and dignity and the command's interest in continued safety and order.

If the concern is that attorney meetings in the recreation shed deprive other detainees of access to the shed, it seems to me there are at least three potential solutions. First, there is ample room in the shed for others to be present while we interview our clients and we have no objection to that. Second, we could meet our clients at the picnic table, at least for a period of time, so that the shed would be available to other detainees and then later in the day switch. A third solution might be to access the guard shack in some way for client meetings. This to me seems the least attractive solution in light of security concerns and the limited facilities in the shack, but I throw it out as better than Camp Echo.

If the concern is that having other detainees in the shed when we meet our clients permits us to have contact with those detainees, I would ask the command to consider whether that really is a problem. (I believe in the past it has helped to calm the situation with at least one detainee). If such contact is unacceptable, we would like to provide you whatever assurances we can that it will stop.

I believe the client access we seek would be consistent in format with DoD procedures for persons of low risk profile.

I would very much like an opportunity to speak or meet with you and JAG officers about this problem if you think it appropriate, together with DOJ representatives as you may see fit, so that we could together explore whether there are compromises that would be feasible for JTF Guantanamo. We have a visit scheduled with our clients in April and I am hopeful that we can resolve the problem in advance of that time.

Unaware of your order, I had requested the opportunity for a barbecue in Camp Iguana, which, I had hoped, members of the command would attend. I imagine that seems outlandish in light of your current order -- perhaps it seemed outlandish anyway. I actually think that too would serve the interests of the command and I would be grateful for the opportunity to speak to you about it. If that request cannot be granted, of course then I would reiterate that the shackling and visits in Camp Echo are matters of far greater importance.

Colonel. Michael Bumgarner
March 22, 2006
Page 3

      Colonel Bumgarner, I want to say that my colleagues and I have always been treated with professionalism and courtesy by the men and woman serving at Guantanamo Bay. I hope we have treated them in the same spirit. Your mission is a difficult one. In court there is little common ground, but it need not be so for base visits. Thank you very much for your consideration of this request.

Very truly yours,

Sabin Willett

PSW/kmc

cc:    Robert Loeb, Esq.

Bingham McCutchen LLP
bingham.com

LITDOCS/634770.1