# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>    Respondents. | Case No. 1:05-cv-01509 (RMU)<br><br>**EMERGENCY MOTION FOR AN ORDER (1) DIRECTING RESPONDENTS TO COMPLY WITH THE PROTECTIVE ORDER AND TO PERMIT AND FACILITATE ATTORNEY MEETINGS WITH PETITIONERS AND (2) IMPOSING A SANCTION UPON RESPONDENTS**<br><br>**(Hearing Requested)** |

Pursuant to the November 2, 2005, Order referring all protective order interpretation issues to Magistrate Judge Kay (dkt. no. 31), and FED. R. CIV. P. 11, petitioners Abdul Nassir (a.k.a. Abdulnasir, Abdul Annaser), Abdul Sabour (a.k.a. AbduSabur), Hammad Doe, and Khalid Doe ("Petitioners"), respectfully move for an order (1) requiring Respondents to comply with the protective order previously entered in this case ("Protective Order") and to permit and facilitate visits between Petitioners and their lawyers tentatively scheduled for July 10-15, 2006, and (2) imposing a sanction upon Respondents. In support of this motion, Petitioners submit the accompanying Declaration of Jason S. Pinney in Support of Petitioners' Emergency Motion for an Order (1) Directing Respondents To Comply with the Protective Order and To Permit and Facilitate Meetings with Petitioners and (2) Imposing a Sanction Upon Respondents (June 13, 2006) ("Pinney June 13, 2006, Decl."),[1] and state as follows:

---

[1] Of the nine petitioners in this case, Respondents have granted the undersigned counsel access to only five: (1) Saddiq Ahmed Turkestani; (2) Jalal Jalalidin; (3) Sabir; (4) Abdusamet; and (5) Huzaifa Parhat. Respondents have agreed to let Mr. Turkestani proceed on his own behalf. *See* Stipulation re

1. Petitioners are imprisoned at the United States Naval Station, Guantánamo Bay, Cuba, ("Guantánamo"). Having no meaningful way to secure legal representation for themselves, *see* Pinney June 13, 2006, Decl., ¶ 9 & Ex. 7 (Decl. of Gitanjali S. Gutierrez ¶¶ 6-17 (June 14, 2006)), Petitioners filed a *habeas corpus* petition through their next friend, Jamal Kiyemba ("Kiyemba"). Petition for Writs of Habeas Corpus (July 29, 2005) (dkt. no. 1). Due to restrictions on access to and communication with Guantánamo detainees imposed by the Respondents, the undersigned counsel have not yet been permitted to speak directly with Petitioners.

2. Bingham McCutchen LLP, which represents these men *pro bono publico*, has expended significant resources on this representation. On August 15, 2005, the firm provided Respondents with evidence of its authority to represent Petitioners. Pinney June 13, 2006, Decl., ¶ 6 & Ex. 4 (next friend authorization from Kiyemba regarding Petitioners). On August 31, 2005, Respondents filed a Motion for an Order To Show Cause Why Case Should Not Be Dismissed for Lack of Proper Next Friend Standing (dkt. no. 4), in which Respondents argued, among other things, that Petitioners are not entitled to challenge the legality of their detention through their next friend, Kiyemba. Petitioners filed an opposition to Respondents' motion on September 12, 2005. Opposition to Motion for Order To Show Cause Why Case Should Not Be Dismissed for Lack of Proper Next Friend Standing (Sept. 12, 2005) (dkt. no. 7). The question of next friend standing was fully briefed by both sides.

3. On September 13, 2005, Judge Urbina entered the Protective Order "previously entered in the other Guantánamo detainee cases." Memo. Order (Sept. 13, 2005) (dkt. no. 8). Copies of the Protective Order are attached to Petitioners' Motion for Order To Show Cause and for Entry of Protective Order filed on August 17, 2005 (dkt. no. 2).

---

Am. Pet. for Writ of Habeas Corpus (Oct. 21, 2005) (dkt. no. 25). In addition, Respondents have consented to Mr. Jalalidin proceeding through his sister as next friend, *see* Pinney June 13, 2006, Decl., ¶ 3 & Ex. 1, and counsel expects to file an amended *habeas corpus* petition for Mr. Jalalidin shortly. Respondents have refused to take a position as to whether Sabir, Abdusamet and Mr. Parhat may proceed on their own behalf. *See id.*

4.     The undersigned counsel wrote to Respondents on May 30, 2006, requesting permission to meet with Petitioners during a visit to Guantánamo scheduled for the week of July 10, 2006, and have been making plans for these meetings ever since.  Pinney June 13, 2006, Decl., ¶ 3 & Ex. 1.

5.     Having received no response to this initial communication, counsel sent Respondents a second e-mail message, dated June 6, 2006, regarding the scheduled Guantánamo visit.  *Id*., ¶ 3 & Ex. 1.  Respondents replied on June 7, 2006, stating that they "cannot agree to schedule counsel visits with the [P]etitioners at this time" because of "outstanding next-friend standing issues."  *Id*., ¶ 3 & Ex. 1.

6.     Respondents' refusal to let counsel meet with Petitioners is inconsistent with the Protective Order entered in this case, as these orders provide no exception for issues concerning authorization by or next friend status of any Petitioner.  In fact, as recounted in two recent orders of this Court -- specifically, the March 14, 2006 Memorandum Opinion in *Adem v. Bush*, Civ. No. 05-723 (RWR)(AK) and the May 11, 2006 Memorandum Order in *Doe v. Bush*, Civ. No. 05-CV-1704 (JR)(LFO)(AK), *see* Pinney June 13, 2006, Decl., ¶¶ 4 & 5 & Exs. 2 & 3 -- visitation with Petitioners at Guantánamo is authorized under the Protective Order.

7.     In *Adem*, this Court ruled that the relevant Protective Order "dictates that Petitioner's counsel be allowed to meet with their client[s] in order to obtain the very authorization of representation that Respondents insist be provided prior to any visits," and thereby ordered Respondents to comply with the Protective Order and to allow counsel to visit with Adem in person as soon as possible.  *See* Pinney June 13, 2006, Decl., ¶ 4 & Ex. 2 (Memo. Opinion at 2 & 33, *Adem v. Bush* (Mar. 14, 2006)).  As this Court indicated, "at [its] core, the issues presented . . . are about the right of detainees at Guantánamo to have access to counsel if they so choose."  *Id*. at 20 ("*Rasul* and *Al Odah* give [Adem] the right to have counsel.  The Protective Order provides the mechanisms by which detainees may access the counsel to which they are entitled."); *see also Rasul v. Bush*, 542 U.S. 466, 484 (2004) (detainees are entitled to be represented by counsel); *Al Odah v. United States*, 346 F. Supp. 2d 1, 7 (D.D.C. 2004) (same).

This holding was reiterated two months later in *Doe*, in which this Court addressed the identical question with regard to a next friend petition, as opposed to the direct petition at issue in *Adem*. *See* Pinney June 13, 2006, Decl., ¶ 5 & Ex. 3 (Memo. Order at 8, *Doe v. Bush* (May 11, 2006)) ("The Protective Order . . . does not distinguish between cases filed by a 'next friend' and cases filed directly.").

8. As this Court stated in *Adem* and *Doe*, with respect to the year-plus battle of the petitioners in those cases to secure counsel, "[i]t is simply unacceptable to wait any longer." *See* Pinney June 13, 2006, Decl., ¶ 4 & Ex. 2 (Memo. Opinion at 22-23, *Adem v. Bush* (Mar. 14, 2006)); *id.*, ¶ 5 & Ex. 3 (Memo. Order at 13, *Doe v. Bush* (May 11, 2006)).

9. As recently as Friday, June 9, 2006, President George W. Bush said he would "like to end Guantánamo," and that he believes that detainees "ought to be tried in courts here in the United States." Press Release, Remarks by President Bush and Prime Minister Rasmussen of Denmark in Joint Press Availability, White House Press Office (June 9, 2006), *available at* http://www.whitehouse.gov/news/releases/2006/06/20060609-2.html. It appears that we all agree on this point. We can hardly bring the matter to court, however, if we cannot meet with our clients.

10. This is an urgent matter, made all the more so by recent events at Guantánamo; in particular, the suicides of three Guantánamo detainees on June 10, 2006. *See* Pinney June 13, 2006, Decl., ¶ 7 & Ex. 5 (James Risen & Tim Golden, *3 Prisoners Commit Suicide at Guantánamo*, N.Y. TIMES, June 11, 2006, at A1) ("Prisoners Commit Suicide"). Moreover, Guantánamo Base Commander and Respondent Colonel Bumgarner is reportedly expecting more suicide attempts in the coming weeks. *See* Pinney June 13, 2006, Decl., ¶ 7 & Ex. 5 (Michael Gordon, *Officer Expects More Suicide Tries: Guantanamo Bay Colonel Says Homemade Nooses Seized*, CHARLOTTE OBSERVER, June 12, 2006, at 1A) ("'We have indications of more attempts any time now,' said [Colonel Michael] Bumgarner.").

11. Because the Respondents have refused to disclose their CSRT reports, little is known about the suicide victims, other than that none was ever charged with any crime in

connection with the Military Commissions.  The Respondents have called their deaths both a "PR stunt," *see* Pinney June 13, 2006, Decl., ¶ 7 & Ex. 5 (Catherine Philip, *US Dismisses Suicides as "PR Stunt,"* THE TIMES, June 12, 2006, at 27), and "an act of asymmetrical warfare" against the United States, *see id.* (Prisoners Commit Suicide at A1) ("'They are smart, they are creative, they are committed,' Admiral [Harry] Harris said. 'They have no regard for life, neither ours nor their own.  I believe this was not an act of desperation, but an act of asymmetrical warfare waged against us.'").  We did not know these men and would not comment on their motivations, certainly not with such tastelessness.  But we who have been to Guantánamo have no doubts about the despair that is rampant there, along with the conviction that American justice is a fiction.  We also have no doubts about the risks of future suicides at Guantánamo and know that access to the Petitioners has never been more crucial.

12.     We respectfully submit that there is no need for further briefing on this issue.  However, in the event the Court allows additional briefing, we request that Respondents' time to respond to this emergency motion be limited to five (5) days.

13.     The Respondents' refusal to accept the considered rulings of this Court and the district courts that have affirmed this Court's analysis is enormously frustrating to counsel.  The Respondents' approach appears to be to block access to the detainees until each and every judge in the district has separately passed on this matter.  This strategy of delay for delay's sake offends FED. R. CIV. P. 11.  These cases are expensive and difficult enough, and this Court is burdened enough with administrative issues, without counsel having to file papers again and again on the same motion.  We have repeatedly, and without success, sought the Respondents' consent on this point.  *See* Pinney June 12, 2006, Decl., ¶ 8 & Ex. 6.  Particularly in light of the urgent need for access, it is appropriate that this Court impose as a sanction on the Respondents the fees and expenses of this emergency motion, which we estimate to be approximately $3,000.

14.     In accordance with D.D.C. R. LCvR 7(m), Petitioners' counsel conferred with Respondents and Respondents declined to agree to the relief requested in the motion.  *See* Pinney June 12, 2006, Decl., ¶ 3 & Ex. 1.

WHEREFORE, Petitioners respectfully urge the Court to

(1) grant the instant emergency motion and enter an Order directing Respondents to comply with the Protective Order and to permit and facilitate attorney meetings with Petitioners;

(2) sanction Respondents by requiring them to pay to Petitioners' counsel $3,000 in attorneys' fees and expenses; and

(3) award such other relief as the Court deems just and proper.

                                              Respectfully submitted,

Dated: June 14, 2006

Of Counsel:

Barbara Olshansky
Deputy Director
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439

Petitioners Abdul Nassir, Abdul Sabour, Hammad Doe and Khalid Doe,

By their attorneys,

/s/ Neil McGaraghan
Sabin Willett
Rheba Rutkowski
Neil McGaraghan
Jason S. Pinney
Francesca Lucia Miceli
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8925

Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC 20036-3406
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

## **CERTIFICATE OF SERVICE**

I, Jason S. Pinney, have this 14th day of June, 2006, served the foregoing EMERGENCY MOTION FOR AN ORDER (1) DIRECTING RESPONDENTS TO COMPLY WITH THE PROTECTIVE ORDER AND TO PERMIT AND FACILITATE ATTORNEY MEETINGS WITH PETITIONERS AND (2) IMPOSING A SANCTION UPON RESPONDENTS by hand to the offices of court security officer:

Christine Gunning
U.S. Department of Justice
Compliance Review and Litigation Security
20 Massachusetts Avenue, NW
Suite 5300
Washington, DC 20044

                                              /s/ Jason S. Pinney
                                              Jason S. Pinney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Case No. 1:05-cv-01509 (RMU)<br><br>**[PROPOSED] ORDER (1) REQUIRING RESPONDENTS TO COMPLY WITH THE PROTECTIVE ORDER AND TO PERMIT AND FACILITATE ATTORNEY MEETINGS WITH PETITIONERS AND (2) IMPOSING A SANCTION UPON RESPONDENTS** |

Upon consideration of Petitioners' Emergency Motion for an Order (1) Directing Respondents To Comply with the Protective Order and To Facilitate Attorney Meetings with Petitioners and (2) Imposing a Sanction Upon Respondents ("Emergency Motion"), and any response and reply thereto, it is hereby:

ORDERED, that the Emergency Motion be, and hereby is, GRANTED; and it is further

ORDERED, that Respondents shall permit and facilitate the visits between Petitioners and their lawyers tentatively scheduled for July 10-15, 2006; and it is further

ORDERED, that Respondents shall pay to Petitioners' counsel $3,000 in attorneys' fees and costs as a sanction.

Dated: _____, 2006

_____
Alan Kay
United States Magistrate Judge

LITDOCS/643596.1