UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents. | Case No. 1:05-cv-01509 (RMU) (AK) <br><br><br> **JULY 7, 2006 DECLARATION OF SABIN WILLETT** |

Pursuant to 28 U.S.C. § 1746, Sabin Willett declares that the following is true.

1. I am one of the attorneys representing Uighur prisoners at Guantánamo. I have been to the base five times.

2. From the beginning of our representation, we have experienced serious difficulties with translation issues.

3. Other than Ms. Rushan Abbas, we have identified only one person who has obtained secret clearance as a Uighur translator, Mr. Jay Dautcher. This declaration is not in any way criticism of his excellent work, but Mr. Dautcher is not a native Uighur speaker, does not have the opportunity to speak Uighur conversationally in his day to day affairs, and learned the language in his scholarly pursuits. There have been difficulties in translation with our clients, leading to complaints from the clients themselves.

4. Most habeas counsel, including us, avoid using interpreters the interrogators have used. No slight is intended upon such interpreters. However, trust issues with clients are so difficult that the arrival of counsel with a "government" interpreter leaves the client confused as to counsel's *bona fides*.

5. However, from our first meetings with Messrs. Qassim and Hakim in July, 2005, and in subsequent meetings with petitioners Sabir and Huzaifa, the men repeatedly asked us to "use Rushan as

an interpreter." They advised that she had served as the interpreter for government interrogators, but that she was widely trusted by the Uighurs in the camp for her courteous, professional and skilled translation.

6.  Accordingly we contacted Ms. Abbas and asked whether she would be willing to serve as translator and she consented.

7.  I have no information as to the precise nature of Ms. Abbas' security clearance, but I am informed and believed that whatever it was was sufficient to give confidence to the Government that it could use her as its translator when interrogating alleged Uighur "enemy combatants." I am confident that the Department of Defense would not have compromised national security in that regard.

8.  I have been permitted to practice *pro hac vice* in this Court, and as an officer of this Court that I will abide scrupulously by the terms of the protective order. Ms. Abbas and I have spoken several times by telephone and have conversed by email. We have made clear to her that we will not ask, and she will not discuss with us anything she ever learned in her work for the Government. Her role would simply be to translate in our client interviews.

7.  According to email traffic I have seen, I am informed and believe that we advised the government of our intent to use Ms. Abbas as early as April 24, 2006.

I declare under penalty of perjury that the foregoing is true.

_____
Sabin Willett