IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as next friend of ABDUSABUR DOE, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-01509 (RMU) |

### RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY AND RECONSIDERATION OF MAGISTRATE JUDGE'S JUNE 29, 2006 MEMORANDUM

Respondents hereby respectfully submit this memorandum in support of their Emergency Motion for Stay and Reconsideration of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. nos. 61, 62).

The substantive points raised in petitioners' opposition to respondents' motion (dkt. no. 70) ("Petrs' Opp.") that are actually material to the issues raised in respondents' motion, were addressed in respondents' motion.[1] The Court, however, should be aware that petitioners' counsel visit to Guantanamo, which was previously scheduled for July 16-23, 2006, is poised to be postponed until sometime in August 2006 because, as explained below, the interpreter petitioners' counsel were scheduled to use on their upcoming visit does not have a valid security clearance and the paperwork required to undertake a security clearance investigation and

---

[1] Respondents' reserve the right to submit a further reply if petitioners submit a further opposition to respondents' motion, as petitioners appear to contemplate. *See* Petrs' Opp. at pp. 6-7.

determination was not submitted in time for such determination to be made prior to counsel's scheduled visit.[2] Thus, the Court does not need to resolve respondents' motion for reconsideration prior to July 16, 2006, as previously requested.

Petitioners' counsel initially filed a motion concerning the issue of access to Guantanamo by counsel's proposed interpreter on July 7, 2006, *see* dkt. nos. 64, 65, and two telephone hearings, on July 10 and 11, 2006, were held on the matter by Magistrate Judge Kay. As was discussed in those proceedings, in April 2006 petitioners' counsel proposed to use an interpreter who had at one time served as government contract interpreter at Guantanamo. Government counsel indicated that the government did not object to use of the former contractor as an interpreter for petitioners subject to verification that the interpreter retains a valid security clearance. In June 2006, it was determined, and petitioners' counsel were informed, by the Court Security Officers ("CSOs") assigned to the Guantanamo cases[3] that the interpreter's security clearance had been canceled in 2003 when her contract work for the government at Guantanamo ended; accordingly, it was necessary to conduct an appropriate security clearance investigation to update and account for the three-year period since the interpreter last possessed a clearance.

---

[2] The Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, annexed to the Protective Order in this case as Exhibit A, *see* dkt. no. 8 *and In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), require that counsel and those engaged to assist them possess a "valid[,] current," Secret-level security clearance prior to being permitted access to detainees at Guantanamo. *See* Revised Procedures for Counsel Access §§ II.B., III.A.1.

[3] The CSOs are responsible for overseeing determinations regarding security clearances provided petitioners' counsel and those working with them in the Guantanamo detainee *habeas* cases.

Appropriate security clearance investigation forms were provided to the interpreter by the CSOs. The forms were not returned to the CSOs, however, until July 6, 2006.

Magistrate Judge Kay confirmed with the CSOs that a decision on the interpreter's security clearance could not be made until the week of July 24, 2006. Accordingly, Magistrate Judge Kay requested respondents' counsel to ascertain visit dates available after that time for counsel in this case (as well as in one other case in which counsel for another petitioner also proposed to use the same interpreter). Respondents' counsel have informed petitioners' counsel and Magistrate Judge Kay's chambers that the earliest available alternative visit date for petitioners' counsel would be the week of August 21, 2006. *See* Declaration of Terry M. Henry ¶ 2 & Attachment (submitted herewith as Exhibit A). Accordingly, it appears that petitioners' visit, previously scheduled for July 16-23, will be postponed until later in August.[4] Thus, the Court does not need to resolve respondents' motion for reconsideration of the Magistrate Judge's June 29, 2006 memorandum opinion prior to July 16, 2006, as previously requested.

Dated: July 12, 2006                    Respectfully submitted,

                                                   PETER D. KEISLER
                                                   Assistant Attorney General

                                                   DOUGLAS N. LETTER
                                                   Terrorism Litigation Counsel

---

[4] Petitioners' counsel, however, have not yet confirmed an alternate visit date, but they also have not proposed the use of any alternate, security-cleared translator that would permit the July 16-23 visit to go forward.

/s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470
Attorneys for Respondents