UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAMAL KIYEMBA *et al.*, | : | | |
| | : | | |
| Petitioners/ | : | Civil Action No.: | 05-1509 (RMU) |
| Plaintiffs, | : | | |
| | : | | |
| v. | : | Documents No.: | 61 |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| | : | | |
| Respondents/ | : | | |
| Defendants | : | | |

## MEMORANDUM ORDER

### DENYING THE RESPONDENTS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER

This matter comes before the court on the respondents' motion for reconsideration under Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b) of the Memorandum Order issued by Magistrate Judge Kay requiring them, pursuant to the protective order,[1] to permit the petitioners' counsel access to the petitioners. On July 29, 2005, counsel for the petitioners filed a petition for a writ of *habeas corpus*, submitted through a next friend. On September 13, 2005, this court entered the protective order and the Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba.[2] Since that time, the petitioners' counsel

---

[1] The protective order in this case incorporates the Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba. Prior to entry of the protective order, the respondents stated that they did "not object to entry of the protective order and related, supplementary orders previously entered in other Guantanamo detainee cases to enable counsel to meet and correspond with properly represented petitioners in a privileged manner." Resps.' Opp'n to Pet'rs' Mot. for Order to Show Cause and for Entry of Protective Order at 20.

[2] For ease of reference, the court refers to these documents simply as "the protective order."

have attempted to meet with their clients on several occasions. Pet'rs' Opp'n to Resps.' Mot. for Recons. at 1-2. To date, the respondents have refused to allow counsel to meet with petitioners Abdul Nassir (a.k.a. Abdulnasir, Abdul Annaer), Abdul Sabour (a.k.a. AbduSabur), Hammad Doe, and Khalid Doe. *Id.* Because the respondents refused petitioners' counsel access to their clients as required by the protective order, on June 15, 2006, the petitioners' counsel filed an emergency motion seeking an order granting them access to their clients. Judge Kay[3] granted the petitioners' motion on June 29, 2006. The respondents now seek reconsideration of Judge Kay's order. Because Judge Kay's decision was neither clearly erroneous nor contrary to law, the court denies the respondents' motion for reconsideration.

### A. Legal Standard for Review of Magistrate Judge Decisions

A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute. FED. R. CIV. P. 72(a); LCvR 72.2. Upon review, "the magistrate judge's decision is entitled to great deference" and will not be disturbed "unless found to be 'clearly erroneous or contrary to law.'" *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)). "In view of this standard, the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat. Lab.*, 194 F.R.D. 289 (D.D.C. 2000) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 2 (D.D.C. 1989).

---

[3] "On November 2, 2005, in recognition of 'the need to promote orderly and efficient case management of all *habeas* petitions . . . relating to the rights of [Guantanamo] detainees," Judge Kessler, acting as Chair of the Calendar and Case Management Committee referred all motions 'pertaining to the interpretation or construction of any protective order' entered in any of the Guantanamo *habeas* cases to [Judge Kay] for resolution pursuant to LcvR 72.2(a)." Mem. Order (June 29, 2006) at 1 n.1.

### B. Judge Kay's Decision is Neither Clearly Erroneous Nor Contrary to Law

The respondents argue that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 stat. 2680 (the "DTA"), deprives this court of jurisdiction to hear the petitioners' case. Resps.' Mot. for Recons. at 12.  Therefore, the respondents reason that, lacking jurisdiction, Judge Kay's ruling is erroneous and contrary to law.  In addition, the respondents contend that Judge Kay's interpretation of the protective order is otherwise clearly erroneous and contrary to law.  The court discusses each of these arguments in turn.

### 1. This Court has Jurisdiction to Enforce the Protective Order

The respondents first argue that neither the magistrate judge nor this judge have jurisdiction to order them to allow the petitioners to meet with their attorneys.  Resps.' Mot. at 14.  The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit."  *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. Apr. 28, 2006).  As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief."  *Id.* at 7-8; *see also Said v. Bush*, Civ. No. 05-2384 (D.D.C. May 26, 2006) (denying the respondents' motion for reconsideration of Judge Kay's order granting Guantanamo Bay detainees access to counsel by minute order); *Razakah v. Bush*, Civ. No. 05-2370, slip. op. at 4 (D.D.C. May 18, 2006) (holding that "enforcing the terms of the protective order does not pose a danger of exceeding the Court's jurisdiction" and ordering the

respondents to allow counsel access to their clients); *Al Salami v. Bush*, Civ. No. 05-2452, Order (D.D.C. Apr. 13, 2006) (entering the protective order after the DTA was enacted). "Moreover, the respondents' own words and actions belie such a conclusion.[4] "Their willingness to consent to the entry of the protective orders in similar cases even after the DTA came into effect on December 30, 2005, undermines the respondents' contention that the Court cannot or ought not to enter an order affording the petitioners access to their attorneys." *Mohammon v. Bush*, Civ. No. 05-2386, slip. op. at 2 (June 27, 2006). Because Judge Kay's order merely enforces the counsel access provisions of the protective order, the court concludes that the order is not erroneous or clearly contrary to law.

**2. The Language of the Protective Order Allows Counsel to Meet with the Petitioners**

The respondents also argue that Judge Kay erred in concluding that the protective order does "not require counsel to supply proof of authority to represent a detainee prior to being permitted privileged access to the detainee." Resps.' Mot. at 1-2. A "plain reading of the Protective Order dictates that petitioners' counsel be allowed to meet with their clients in order to obtain the very authorization of representation that respondents insist be provided prior to any

---

[4] Indeed, in this case, the petitioners filed a Notice regarding steps taken in the wake of the Supreme Court's recent decision in *Hamdan v. Rumsfeld*, in which they state that the Supreme Court "has not resolved the issue of whether this Court may exercise jurisdiction over the above-captioned cases in light of [DTA]," and recognize that the effect of the DTA "on pending cases was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit." Notice (July 7, 2006). Thus, in their notice, the petitioners concede that the issue of this court's jurisdiction is undecided, a markedly different position from that taken in the instant motion.

vists." *Razakah*, at 4 (adopting Judge Kay's reasoning in *Adem*).[5]  That is, counsel "do not require evidence of authority to represent the detainee prior to the first counsel visit." *Adem v. Bush*, 2006 WL 1193853, at *5 (upholding Judge Kay's interpretation of the protective order in a factually identical[6] case).[7]

Accordingly, it is this 7th day of August, 2006,

**ORDERED** that the respondents' motion for reconsideration of Judge Kay's order is hereby **DENIED**.

**SO ORDERED**.


                                                                RICARDO M. URBINA
                                                                United States District Judge

---

[5]     "Aside from the fact that the plain language of the protective order does not require evidence that the petitioner directly authorized the particular lawyer to file a petition before the lawyer has even met the detainee, any such requirement prior to counsel meeting a Guantanamo detainee would unjustly pose a conundrum for petitioner.  That [the petitioner] has requested a lawyer to represent him is not disputed. Requiring a Guantanamo detainee to identify a specific lawyer from among all the volunteer lawyers – most of whom are unknown to the detainee before a meeting – is a meaningless exercise. It would be unconscionable to tether a detainee's access to counsel to such an unworkable prerequisite." *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. Apr. 28, 2006).

[6]     "The fact that the pending habeas petition was filed through a 'next friend' does not stand in the way of counsel visits under the protective order." *Razakah v. Bush*, Civ. No. 05-2370, slip. op. at 5 (D.D.C. May 18, 2006).

[7]     Even though the protective order does not require counsel to provide evidence of their authority to represent the petitioners, in this case, counsel have provided such evidence. "Petitioners have provided prima facie evidence that they *personally* authorized the challenge to the legality of their detention and sought the assistance of counsel by communicating those requests through a fellow detainee." Mem. Order. (June 29, 2006) at 8; *see also* Pet'rs' Opp'n to Resps.' Mot. for Recons. at 2.