UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents/Defendants. | Case No. 1:05-cv-01509-RMU |

### NOTICE OF ACTIVITY IN GUANTANAMO CASES

Petitioners respectfully submit this notice of activity in this and other Guantánamo cases. On June 29, 2007, the Supreme Court granted the petitions for *certiorari* in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). In light of the grant of *certiorari* in *Boumediene*, Petitioners in this case have asked the Court of Appeals to recall the mandate dismissing their appeal from this court's stay order, pending the Supreme Court's disposition of *Boumediene*. A copy of Petitioners' motion in the Court of Appeals is attached.

A/72080588.1

Dated: July 3, 2007

Of Counsel:

Wells Dixon
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439

Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036-3406
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

/s/ Neil McGaraghan
P. Sabin Willett
Neil McGaraghan
Jason S. Pinney
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8736

UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Jamal Kiyemba, *et al.*,<br><br>    Appellees/Cross-Appellants,<br><br>v.<br><br>George W. Bush, *et al.*,<br><br>    Appellants/Cross-Appellees. | Case No. 05-5487<br>(consolidated with 05-5488) |
| Edham Mamet, et al.,<br><br>    Appellees/Cross-Appellants,<br><br>v.<br><br>George W. Bush, et al.,<br><br>    Appellants/Cross-Appellees. | Case No. 05-5489<br>(consolidated with 05-5490) |

## MOTION TO RECALL MANDATES

Petitioners respectfully request that the Court recall the mandates in appellees/cross-appellants' ("Petitioners") cases (D.C. Cir. Consolidated Case Nos. 05-5487 and 05-5489) pending the Supreme Court's disposition of *Boumediene v. Bush*, S. Ct. No. 06-1195, and *Al Odah v. United States*, S. Ct. No. 06-1196 (collectively, "*Boumediene*").

A/72079794.1

On March 22, 2007, this Court ordered that the "cases involving the nine enemy combatants be dismissed for lack of subject matter jurisdiction," and remanded Petitioners' cases to the District Court. *Kiyemba, et al. v. Bush, et al.*, D.C. Cir. Nos. 05-5487 and 05-5489 (March 22, 2007).[1] In dismissing the appeals, this Court relied exclusively on its decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). *Id.* The mandates issued on May 10, 2007.

At the time that the mandates issued, the Supreme Court had denied *certiorari* in *Boumediene*. *See Boumediene, et al. v. Bush*, 127 S. Ct. 1478 (April 2, 2007). But on June 29, 2007, the Supreme Court reversed itself and granted *certiorari* in *Boumediene*. 551 U.S. _____ (June 29, 2007). Because the Supreme Court may reverse this Court's decision in *Boumediene*, it would be premature—and would threaten Petitioners with irreparable injury—for the district court to react to this Court's Judgment by dismissing Petitioners' action in reliance on *Boumediene*.

In addition to requiring Petitioners to begin anew in the district court if the Supreme Court holds in *Boumediene* that Guantanamo detainees may pursue *habeas* relief, dismissal of Petitioners' *habeas* action would jeopardize the

---

[1] This motion does not challenge the portion of the judgment dismissing the appeals of non-enemy combatant detainees (Petitioners Alladeen, Zakirjan, and Saddiq Turkestani), all of whom have been transferred to other countries. The only mandates for which recall is sought are those dismissing the cases of the so-called "enemy combatants," (Petitioners Abdusabur, Abdusamad, Abdunasir, Hammad, Hudhaifa, Jalaal, Khalid, Sabir, and Edham Mamet).

protective order that governs their action and the District Court's orders requiring appellants/cross-appellees ("Respondents") to give Petitioners' counsel advance notice of any intended transfer of Petitioners from Guantanamo.

The protective order affords Petitioners minimally adequate access to their counsel and protects the attorney-client relationship. The notice order affords Petitioners' counsel an opportunity to object to the transfer of Petitioners to places where they might face torture or other abuse. Dismissal of Petitioners' cases would therefore threaten Petitioners with irreparable and grievous injury. Due to the risk that the District Court will dismiss Petitioners' cases in reliance on *Boumediene* and this Court's Judgment dismissing Petitioners' appeals, the mandates should be recalled.[2] Recalling the mandate will not prejudice Respondents.

The Court therefore should recall the mandates and preserve its jurisdiction over these cases. *See generally Dilley v. Alexander*, 627 F.2d 407, 410-11 (D.C. Cir. 1980); *see also Jones v. Johnston*, 534 F.2d 353, 373 n.48 (D.C. Cir.), *judgment vacated*, 429 U.S. 995 (1976).

---

[2] Petitioners reserve their right to move for reconsideration of the Judgment and reinstatement of their appeals.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the requested relief.

Dated: July 3, 2007

Respectfully submitted,

**BINGHAM McCUTCHEN LLP**

Susan Baker Manning, Bar No. 50125
2020 K Street N.W.
Washington, D.C. 20006-1806
Telephone:(202) 373-6000
Facsimile: (202) 373-6001

P. Sabin Willett, Bar No. 50134
Rheba Rutkowski, Bar No. 50588
Neil McGaraghan, Bar No. 50530
Jason S. Pinney, Bar No. 50534
150 Federal Street
Boston, MA 02110-1726
Telephone:(617) 951-8000
Facsimile: (617) 951-8736