# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*,<br><br>   Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>   Respondents. | Case No. 1:05-cv-01509 (RMU)<br><br>**PETITIONERS' EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE** |

## PETITIONERS' EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE

For the reasons set forth in Petitioners' Statement of Points and Authorities in Support of Petitioners Emergency Motion to Lift Stay and Set a Scheduling Conference, Petitioners request that the Court lift the stay and promptly schedule a status conference to calendar the matter for expedited determination on the merits.

Pursuant to Local Rule 7(m), counsel attempted (by telephone and electronic mail) to obtain assent of the government to the relief sought herein. Counsel was unable to reach counsel for the government and thus assent has not been obtained.

**WHEREFORE**, Petitioners respectfully request that the Court lift the stay and promptly schedule a status conference to calendar the matter for expedited determination on the merits.

Dated: June 12, 2008

Of Counsel:

Wells Dixon
WDixon@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439

/s/ Susan Baker Manning
Susan Baker Manning
susan.manning@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Sabin Willett
sabin.willett@bingham.com
Neil McGaraghan
neil.mcgaraghan@bingham.com
Jason S. Pinney
jason.pinney@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*, <br><br>   Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br>   Respondents. | Case No. 1:05-cv-01509 (RMU) <br><br> **STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE** |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS'
EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE**

Petitioners have today moved on an emergency basis for an order vacating the existing stay and scheduling an immediate status conference to set in place a calendar for decisions on the merits of these habeas corpus petitions ("Motion"). As grounds for this relief, Petitioners say:

**Introduction**

1.  These habeas petitions have been stayed *for almost three years* pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. __ (June 12, 2008).

2.  Today, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.*, slip op. (majority) at 66.

A/72531825.2

**Procedural History**

3.     Petitioners Abdusabur, Abdusemet, Abdunasir, Hammad Mehmet, Hudhaifa Parhat, Jalal Jalaldin, Khalid Ali, and Sabir Osman (hereinafter "Petitioners") are prisoners at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo").  Petitioners have been imprisoned at Guantánamo since May, 2002.  As detailed in previous filings before this Court, Petitioners are ethnic Uighurs ("WEE-ghurs") from the Xinjiang Uyghur Autonomous Region, a province of the People's Republic of China (also referred to as "East Turkistan").  Uighurs are a Turkic Muslim minority group that has been, and continues to be, brutally oppressed by the communist Chinese government.  The Government has repeatedly and publicly acknowledged that the Uighurs imprisoned at Guantánamo have been eligible for release for at least four years.  *See*, *e.g*., Interview with Colin Powell, Secretary of State, in Washington, D.C., at 5 (Aug. 12, 2004) ("[T]he Uighurs are a difficult problem and we are trying to resolve all issues with respect to all detainees at Guantánamo.  The Uighurs are not going back to China, but finding places for them is not a simple matter, but we are trying to find places for them.  And we are trying to find places for them, and, of course, all candidate countries are being looked at.").  Despite such acknowledgements, Petitioners remain imprisoned at Guantánamo.  They have never had a hearing on their claim that they are entitled to release.

4.     Petitioners have been unlawfully designated as enemy combatants.  They do not fall within any lawful basis for military detention.

5.     In the years since this Court's stay entered, petitioners have suffered (and on information and belief all but one today continue to suffer) astonishingly harsh, and potentially deadly isolation at Guantanamo's notorious Camp 6.

6. In light of the alarming deterioration in their psychological well-being, and astonishing length of these imprisonments, Petitioners urgently request that the Court immediately lift the stay and schedule a status conference to set in place expedited consideration of the merits of Petitioners' claims for release.

7. On July 29, 2005, Petitioners filed a Petition for Writ of Habeas Corpus in this Court. Respondents quickly moved to stay the proceeding, and on September 13, 2005, this Court entered a stay. [Docket No. 8]. On November 14, 2005, Respondents appealed the Court's stay order.

8. The Court of Appeals held oral argument on Petitioners' appeal in September of 2006. Prior to issuing a decision, however, the Court of Appeals ordered that the case be dismissed for lack of subject matter jurisdiction and remanded it to this Court. *Kiyemba, et al. v. Bush, et al.*, D.C. Cir. Nos. 05-5487 and 05-5489 (Mar. 22, 2007). In dismissing the appeal, the Circuit Court relied exclusively on its decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). *Id.* On May 10, 2007, the appellate court issued the mandate for its decision following the Supreme Court's denial of *certiorari*. *See Boumediene, et al. v. Bush*, 127 S. Ct. 1478 (Apr. 2, 2007). On June 29, 2007, however, the Supreme Court reversed itself and granted *certiorari* in *Boumediene*. 127 S. Ct. 3078 (June 29, 2007) (No. 06-1195). The Court of Appeals later recalled the mandate.

9. On September 20, 2007, this Court dismissed Petitioners' claims without prejudice citing lack of jurisdiction based on Court of Appeals' ruling in *Boumediene*, 476 F.3d at 984. On October 5, 2007, the Court vacated its September 20, 2007, Memorandum Order dismissing Petitioners' claims and stayed the case.

**Argument**

**I.     Petitioners are Entitled to a Prompt Hearing On The Merits of Their Claims**

10.     Justice necessitates that Petitioners' claims be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243; ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added). Courts, including the majority in *Boumediene*, see slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases. *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

11.     The need for a prompt hearing is never greater than where a petitioner has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr,* 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the

trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

12. Chief Justice Roberts' dissent in *Boumediene* argues that there will be confusion as the underlying rights to be vindicated on *habeas*. This point can be addressed at a status conference, but it is quite incorrect. Petitioners assert that there is no lawful basis for their imprisonment. The government locates such a basis in the President's Article II powers and in the Congressional Authorization for the Use of Military Force, 115 Stat. 224 (Sept. 18, 2001). At an evidentiary hearing, each petitioner will show that on the evidence in the case, neither source of authority confers power on the President to detain him, and thus that he is entitled to release.

13. Petitioners have been afforded no judicial review of the merits of their claims or the lawfulness of their detention.[1]

## II. The Need for Relief is Urgent

14. Petitioners are now in their seventh year of imprisonment.

15. In late 2006, Petitioners were transferred to conditions of almost complete isolation in Camp 6. A January 20, 2007, declaration of counsel filed in the Court of Appeals demonstrates the harm that was being felt even then. *See* January 20, 2007 Declaration of Sabin Willett, No. 06-1397 (D.C. Cir. Jan. 20, 2007) (previously unclassified version of declaration) (attached as Exhibit 1 hereto). Since that time, counsel have observed increased and alarming despair in the Petitioners.

---

[1] Several, but not all of the petitioners have filed motions for judgment in their pending Court of Appeals cases under the Detainee Treatment Act. Only one such motion has been briefed and argued. None has been decided. *Boumediene* makes clear that DTA relief is separate and distinct statutory relief and does not preclude *habeas* relief. At a status conference, counsel will address any issues arising out of parallel proceedings.

16.     The instant cases were stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case at last decided, the Court should promptly lift the stay and allow Petitioners' *habeas corpus* claims to proceed on the merits.

17.     A grant of the relief requested by the Motion lies within the sound discretion of the Court.

## Conclusion

For the forgoing reasons, the Motion should be allowed in the form submitted, and Petitioners should be granted such other and further relief as may be just and proper.

Dated: June 12, 2008

|  |  |
|---|---|
|  | /s/ Susan Baker Manning |
|  | Susan Baker Manning |
|  | susan.manning@bingham.com |
| Of Counsel: | BINGHAM McCUTCHEN LLP |
|  | 2020 K Street, N.W. |
| Wells Dixon | Washington, DC  20006 |
| WDixon@ccrjustice.org | Telephone:   (202) 373-6000 |
| CENTER FOR CONSTITUTIONAL RIGHTS | Facsimile:    (202) 373-6001 |
| 666 Broadway, 7th Floor | Sabin Willett |
| New York, NY 10012 | sabin.willett@bingham.com |
| Telephone: (212) 614-6439 | Neil McGaraghan |
|  | neil.mcgaraghan@bingham.com |
|  | Jason S. Pinney |
|  | jason.pinney@bingham.com |
|  | BINGHAM McCUTCHEN LLP |
|  | One Federal Street |
|  | Boston, MA  02110-1726 |
|  | Telephone:   (617) 951-8000 |
|  | Facsimile:    (617) 951-8736 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL KIYEMBA, as Next Friend of ABDUSABUR DOE, *et al.*,<br><br>　Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>　Respondents. | Case No. 1:05-cv-01509 (RMU)<br><br>**[PROPOSED] ORDER GRANTING PETITIONERS' EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE** |

**[PROPOSED] ORDER GRANTING PETITIONERS' EMERGENCY MOTION TO LIFT STAY AND SET A SCHEDULING CONFERENCE**

For the reasons set forth in Petitioners' Statement of Points and Authorities in Support of Petitioners' Emergency Motion to Lift Stay and Set a Scheduling Conference, the Court herby GRANTS Petitioners Motion to Lift Stay and Set a Scheduling Conference

The stay entered by order of September 13, 2005 [Docket No. 8] is vacated. The Court will conduct a status conference at _____ \_.m. on June \_\_, 2008.

　　　　　　　　　　　　　　　　　　_____s/_____
　　　　　　　　　　　　　　　　　　RICARDO M. URBINA
　　　　　　　　　　　　　　　　　　United States District Judge

A/72565581.1