IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-1509 (RMU)<br>Civil Action No. 05-1602 (ESH)<br>Civil Action No. 05-1704 (JR)<br>Civil Action No. 05-2370 (EGS)<br>Civil Action No. 05-2386 (RBW)<br>Civil Action No. 05-2398 (ESH) |

MOTION BY ALL 17 UIGHURS CURRENTLY DETAINED IN
GUANTÁNAMO BAY FOR CONSOLIDATION OF THEIR PETITIONS
FOR *HABEAS CORPUS* IN CIVIL ACTION NOS. 05-1509 (RMU),
05-1602 (ESH), 05-1704 (JR), 05-2370 (EGS), 05-2386 (RBW) AND
05-2398 (ESH) AND EXPEDITED CONSIDERATION THEREOF
CONSISTENT WITH *PARHAT V. GATES*

On behalf of the 17 Uighur prisoners currently detained at the U.S. Naval Station in Guantánamo Bay ("Guantánamo") (the "Uighur Petitioners"), we respectfully submit this motion pursuant to LCvR 40.5(d) for consolidation of their petitions for *habeas corpus* before Judge Ricardo M. Urbina in accordance with LCvR 40.5(c)(2), or such other District Judge as the Court may deem appropriate, and expedited consideration of their petitions in light of *Parhat v. Gates*, No. 06-1397, --- F.3d ---, 2008 WL 2576977 (D.C. Cir. June 20, 2008).[1]

1.       The Uighur Petitioners are Chinese citizens who have been wrongfully imprisoned at the U.S. Naval Station in Guantánamo Bay ("Guantánamo") for more than six

---

[1]  The 17 Uighur Petitioners are petitioners Abdul Nasser, Abdul Sabour, Abdul Semet, Hammad Memet, Huzaifa Parhat, Jalal Jalaldin, Khalid Ali and Sabir Osman in *Kiyemba v. Bush*, Civil Action No. 05-1509 (RMU) (the "*Kiyemba* Petitioners"); petitioner Edham Mamet in *Mamet v. Bush*, Civil Action No. 05-1602 (ESH); petitioners Bahtiyar Mahnut and Arkin Ahmahmud in *Kabir v. Bush*, Civil Action No. 05-1704 (JR) (the "*Kabir* Petitioners"); petitioners Abdul Razakah and Ahmad Tourson in *Razakah v. Bush*, Civil Action No. 05-2370 (EGS) (the "*Razakah* Petitioners"); petitioners Abdul Ghaffar and Adel Noori in *Mohammon v. Bush*, Civil Action No. 05-2386 (RBW) (the "*Mohammon* Petitioners"); and petitioners Ali Mohammad and Thabid in *Thabid v. Bush*, Civil Action No. 05-2398 (ESH) (the "*Thabid* Petitioners").

years, despite having been cleared for release by Respondents since as early as 2003. The Supreme Court made clear in *Boumediene v. Bush*, 128 S.Ct. 2229, 2275, __ (2008) that prisoners in Guantánamo who have filed petitions for *habeas corpus* "are entitled to a *prompt* . . . hearing." (emphasis added). The Uighur Petitioners' *habeas* actions present a unique, compelling and urgent case for consolidation and expedited adjudication on the merits in light of the Court of Appeals' rulings in *Parhat*.

2.   These cases all present, and almost certainly will turn on, a common question that *Parhat* resolved: whether alleged affiliation with the Uighur separatist organization known as the East Turkistan Islamic Movement ("ETIM") is sufficient to support the Uighur Petitioners' classification as enemy combatants and thus sufficient to support their continued detention. The Court of Appeals in *Parhat* found that it does not. Alleged ETIM affiliation is at the core of the government's allegations against all 17 Uighur Petitioners.

3.   In *Parhat*, the Court ordered that Respondents release Parhat, transfer him or expeditiously convene a new Combatant Status Review Tribunal ("CSRT") if the government had additional and reliable evidence against him. It emphasized that Parhat "may pursue such a [*habeas*] proceeding *immediately*, without waiting to learn whether the government will convene another CSRT," and that "[i]n that proceeding, [Parhat] will be able to make use of the determinations we have made regarding the decision of his CSRT." *Id*. at *15 (emphasis added) (all references to *Parhat* herein are to the unclassified version of the court's opinion). Furthermore, the court noted that "in [a *habeas*] proceeding there is *no question* that the [district] court will have the power to order him released." *Id*. (emphasis added).

4.   For these urgent and compelling reasons, we ask that the *habeas* petitions of all 17 of the Uighur Petitioners be transferred and consolidated before Judge Urbina – before

whom the first still pending Uighur *habeas* petition was filed – for coordinated and expedited consideration on the merits.[2]

5.  Twelve of the Uighur Petitioners are identically situated to Parhat in all material factual and legal respects: in addition to their alleged affiliation with ETIM, they were living with Parhat in the same place, and thereafter were captured with Parhat.[3]

6.  The cases of the remaining four Uighur Petitioners – Petitioner Edham Mamet, *Kabir* Petitioner Arkina Amahmuc, *Razakah* Petitioner Ahmad Tourson and *Mohammon* Petitioner Adel Noori – while not factually identical to Parhat's, are legally controlled by the *Parhat* decision, because the only purported basis for the CSRT determinations that they are enemy combatants is that they were also allegedly affiliated with ETIM. While Respondents may argue that there are distinct additional factual circumstances in these cases, they all share a common central issue that has been resolved by the Court of Appeals in *Parhat* and, in our view, will require their immediate release. For that reason, these petitions should be addressed together.

---

[2]  Pursuant to LCvR 40.5(d), if a motion to consolidate is granted the later-numbered cases are consolidated in accordance with LCvR 40.5(c)(2), which provides that "the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." The *Kiyemba* petition, which was filed first and includes Parhat and seven of the twelve other Uighur prisoners with whom he was captured, is currently before Judge Urbina, who has already decided several collateral issues in that case, including granting petitioners' motion for an order enjoining Respondents from transferring petitioners from Guantánamo without providing 30-days notice to petitioners' counsel and the court. The *Kabir*, *Razakah* and *Mohammon* petitions are, respectively, before Judges Robertson, Sullivan and Walton, and the *Mamet* and *Thabid* petitions are both before Judge Huvelle. We note, however, that the *Mohammon* petition includes a total of approximately 32 petitioners, only two of whom are Uighurs, while the other aforementioned petitions include only Uighurs.

[3]  Specifically, all seven of Parhat's fellow *Kiyemba* Petitioners, *Kabir* Petitioner Bahtiyar Mahnut, *Razakah* Petitioner Abdul Razakah, *Mohammon* Petitioner Abdul Ghaffar and the two *Thabid* Petitioners.

7. Respondents have themselves long regarded and treated all of the Uighur prisoners at Guantánamo as a group, and all of the Uighurs have been approved for release from U.S. custody, some as early as 2003. In October 2004, a U.S. State Department spokesman confirmed that the administration was "looking into resettlement of the Uighurs outside of China [and was] continuing [its] efforts to find a country or countries that would be willing and interested in accepting them." *See* Daily State Dept' Press Briefing, Richard Boucher, Spokesman, Washington, DC (Oct. 28, 2004).

8. Just two weeks ago, following an "investigation into detention at Guantanamo Bay," the Chairman and Ranking Minority Member of the U.S. House of Representatives Subcommittee on International Organizations, Human Rights and Oversight (Congressmen Bill Delahunt (D-Mass.) and Dana Rohrabacher (R-Ca.)) wrote to Respondent Secretary of Defense Robert M. Gates requesting "that the Uighur detainees at Guantanamo Bay promptly be paroled into the United States," explaining: "The Uighurs are friends of the United States, and based upon the facts of their political inclinations and struggle against the Communist Chinese regime, they should not be grouped, even in appearance, with the other detainees at Guantanamo Bay." (Attached herewith as Exhibit A.).

9. Insofar as the Court's July 2, 2008 Order transferring all cases involving Guantánamo Bay detainees for the purpose of coordination and management to Judge Hogan may have the effect of precluding consideration of the merits of the Uighur Petitioners' *habeas* petitions until this Court rules on issues that are common to all such cases, the Uighur Petitioners most respectfully request that their petitions be exempt from that Order for the urgent, unique and compelling reasons set out above. To the extent such Order is not such a bar, the Uighur Petitioners request consolidation of their petitions before Judge Urbina for the purposes outlined

in this motion. In the alternative, in the event that other matters on the calendar of Judge Urbina preclude prompt resolution, Petitioners ask that these cases be sent to one of the other judges assigned in Uighur cases for prompt disposition.

11. In accordance with LCvR 7(m), undersigned counsel contacted Terry M. Henry, Esq., counsel for Respondents, on July 3, 2008 by telephone to determine whether there is any opposition to the relief sought herein. Mr. Henry indicated that Respondents take no position as to the Uighur Petitioners' motion.

11. As a grant of this motion lies within the sound discretion of the Court, no memorandum of points and authorities is necessary.

Conclusion

For the foregoing reasons, the Uighur Petitioners respectfully request that their motion for consolidation and expedited consideration of their petitions for *habeas corpus* be granted.

Respectfully submitted,

/s/ Eric A. Tirschwell

| | |
|---|---|
| Susan Baker Manning | Eric A. Tirschwell (Pursuant to LCvR 83.2(g)) |
| BINGHAM McCUTCHEN LLP | Michael J. Sternhell (Pursuant to LCvR 83.2(g)) |
| 1120 20th Street NW, Suite 800 | Darren LaVerne (Pursuant to LCvR 83.2(g)) |
| Washington, DC 20036-3406 | Seema Saifee (Pursuant to LCvR 83.2(g)) |
| Telephone: (202) 778-6150 | KRAMER LEVIN NAFTALIS |
| Facsimile: (202) 778-6155 | & FRANKEL LLP |
| | 1177 Avenue of the Americas |
| Sabin Willett (Pursuant to LCvR 83.2(g)) | New York, New York 10036 |
| Neil McGaraghan (Pursuant to LCvR 83.2(g)) | Telephone: (212) 715-9100 |
| Rheba Rutkowski (Pursuant to LCvR 83.2(g)) | Facsimile: (212) 715-8000 |
| Jason S. Pinney (Pursuant to LCvR 83.2(g)) | |
| BINGHAM McCUTCHEN LLP | *Counsel to Petitioners Abdul Razakah, Ahmad* |
| One Federal Street | *Tourson, Abdul Ghaffar and Adel Noori* |
| Boston, Massachusetts 02110 | |
| Telephone: (617) 951-8000 | Elizabeth P. Gilson (Pursuant to LCvR 83.2(g)) |
| Facsimile: (617) 951-8736 | 383 Orange Street |
| | New Haven, Connecticut 06511 |
| *Counsel for Petitioners Abdul Nasser, Abdul* | Telephone: (203) 777-4050 |
| *Sabour, Abdul Semet, Hammad Memet,* | Facsimile: (203) 787-3259 |
| *Huzaifa Parhat, Jalal Jalaldin, Khalid Ali,* | |
| *Sabir Osman and Edham Mamet* | *Counsel for Petitioners Bahtiyar Mahnut and* |
| | *Arkina Amahmud* |
| George Clarke | |
| MILLER & CHEVALIER CHARTERED | |
| 655 15th Street, NW, Suite 900 | J. Wells Dixon (Pursuant to LCvR 83.2(g)) |
| Washington, DC 20005 | CENTER FOR CONSTITUTIONAL RIGHTS |
| Telephone: (202) 626-1573 | 666 Broadway, 7th Floor |
| Facsimile: (703) 598-5121 | New York, New York 10012 |
| | Telephone: (212) 614-6464 |
| *Counsel for Petitioners Ali Mohammad and* | Facsimile: (212) 614-6499 |
| *Thabid* | |
| | *Counsel for the Uighur Petitioners* |

KL3 2666145.3