IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-1509 (RMU)<br>Civil Action No. 05-1602 (RMU)<br>Civil Action No. 05-1704 (RMU)<br>Civil Action No. 05-2370 (RMU)<br>Civil Action No. 08-1310 (RMU)<br>Civil Action No. 05-2398 (RMU) |

**PETITIONERS' JOINT MOTION FOR
PROCEDURES TO GOVERN OCTOBER 7, 2008, HEARING**

Petitioners Abdul Nasser, Abdul Sabour, Abdul Semet, Hammad Memet, Huzaifa Parhat, Jalal Jalaldin, Khalid Ali, and Sabir Osman in *Kiyemba v. Bush* (No. 05-1509 (RMU)), Edham Mamet in *Mamet v. Bush* (No. 05-1602 (RMU)), Bahtiyar Mahnut and Arkin Mahmud in *Kabir v. Bush*, (No. 05-1704 (RMU)), Abdur Razakah and Ahmad Tourson in *Razakah v. Bush*, (No. 05-2370 (RMU)), Abdul Ghappar and Adel Noori in *Ghaffar v. Bush*, (No. 08-1310 (RMU)) and Ali Mohammad and Thabid in *Thabid v. Bush*, (No. 05-2398 (RMU)) are seventeen Uighurs detained at the Guantanamo Bay Naval Station. Petitioners move for an order substantially in the form attached hereto to govern the October 7, 2008, hearing.

As grounds, Petitioners say:

1. Petitioners fall into the following four categories:

    (a) Petitioner *Huzaifa Parhat* (*Kiyemba*) has been adjudicated to be a non-combatant. *Parhat v. Gates*, 532 F.3d 834 (D.C. Cir. 2008). The government has waived any right to contest that adjudication.

    (b) As to the four *Kiyemba* Petitioners, Khalid Ali, Sab'r Osman, Abdusemet and Jalal Jallaladin, on August 18 the government moved in the Court of Appeals to enter the *Parhat* judgment in their cases. The Court of Appeals has not yet entered such orders, but Petitioners have joined in the motion and that relief is expected by all parties.

    (c) Eight more Petitioners have precisely the same factual background as

1

Parhat, are held on the same theory of affiliation with the East Turkestan Islamic Movement ("ETIM") as he was, and accordingly are entitled to the same non-combatant judgment: Abdul Nasser, Abdusabour, and Hammad (*Kiyemba*), Ali Mohammad and Thabid (*Thabid*), Bahtiyar Mahnut (*Kabir*), Abdur Razakah (*Razakah*), and Abdul Ghappar (*Ghaffar*). At the moment, however, the Department of Defense continues to designate them as "enemy combatants." As to these Petitioners, this Court has ordered the government to advise by September 30 whether it will continue to maintain its position or whether it will concede that they ought to be treated as those in categories (a) and (b). The government has not advised of its position.

(d) The four Petitioners in the last category, Edham Mamet (*Mamet*), Ahmad Tourson (*Razakah*), Arkin Mahmud (*Kabir)*, and Adel Noori (*Ghaffar*) are on information and belief held solely on the basis of an alleged affiliation with ETIM. Like Parhat, they are therefore entitled to a non-combatant determination. On information and belief, their factual circumstances are different (although not in a legally material way) from those in the three categories (a) through (c). As to these Petitioners as well, this Court has ordered the government to advise by September 30 whether it will continue to assert combatant status or whether it will concede that they ought also to be treated as those in categories (a) and (b). The government has not advised of its position.

2. The experience of a judicial hearing is likely to be an astonishing one for men who have been confined at Guantanamo Bay for more than six years without exposure to any judicial process and without previous exposure to the American justice system. It is therefore essential that Petitioners' counsel have a meaningful opportunity to meet with and prepare Petitioners for the hearing.

3. As to the hearing itself, Petitioners recognize that producing all seventeen Petitioners in person at a single hearing on October 7 would be logistically cumbersome, if not infeasible. Accordingly, Petitioners suggest that *four* Petitioners should be brought to the hearing and arrangements be made whereby the other Petitioners may view, hear, and (as the

2

Court may direct) participate in the hearing by video-link with Guantanamo.[1] Petitioners' counsel believe that the government can easily transport, and safely house, four Petitioners at a military detention facility or brig at Andrews Air Force Base, Norfolk Naval Station, Fort Belvoir, or elsewhere in the Washington, D.C. area, shortly before the hearing.

4. Given the logistics of translation, it will be a challenge for proceedings by video-link to be comprehensible and efficient for the Court or the parties in Guantanamo. Petitioners' counsel can best attempt to make them so by (a) being briefed as to the logistics of video-link by the government in advance of client preparation for the hearing, (b) having a Uighur translator present with Petitioners in Guantanamo, (c) meeting *collectively* with Petitioners to prepare them for the hearing, and (d) having a lawyer from the Guantanamo JAG office detailed to assist with coordination. Separate meetings between counsel and individual Petitioners, which are the usual Guantanamo practice, would be utterly unworkable as a practical matter. There is insufficient time, the process of devoting days at Guantanamo to seventeen separate Petitioners would be cumbersome, and highly expensive to Petitioners' counsel (all of whom are volunteers), and Petitioners have reached a high level of mistrust given the long confinement that can best be assuaged if counsel can meet with Petitioners collectively.

5. Petitioners' counsel also need sufficient access to those Petitioners that are transported to the Washington, D.C. area to prepare them for the hearing.

6. Petitioners' participation in the hearing will help the Court in addressing any logistical questions that arise from the various pending requests for parole and release, and will permit them an opportunity to respond to any points raised by the government.

7. Presence at, and access to, the hearing will provide crucial assurance to Petitioners that there actually is a judicial process underway and that counsel are not interrogators. After long years at Guantanamo and an isolation regime that in some cases results in paranoia, many Petitioners simply do not believe that this process is actually occurring, and

---

[1] We understand from other cases that the government has been discussing making video-links available.

Petitioners have no independent way to verify that judicial process is occurring.

8.  Petitioners request that Petitioners Parhat (*Kiyemba*), Abdusemet (*Kiyemba*), Abdul Ghappar (*Ghaffar*) and Ali Mohammad (*Thabid*) be physically present at the hearing. These Petitioners represent three of the four Petitioner categories. Petitioners request that these four Petitioners be transported to the selected facility in the Washington, D.C. area no later than October 5, and that on October 6, counsel have full access to all four Petitioners collectively, for at least seven hours, in order to prepare for the hearing.

9.  As to Petitioners remaining in Guantanamo for the hearing, we request the following procedures:

    (a)  For preparation purposes, a team of Petitioners' counsel should be permitted to meet with Petitioners collectively on the afternoon of October 5 (note, a Sunday) and all day on October 6 at Guantanamo Bay. Petitioners believe that this would be feasible within the courtroom at Guantanamo and in various areas within the camps, and would be facilitated by working with a JAG officer.

    (b)  On the morning of October 5, Petitioners' counsel should also be permitted to meet several Petitioners independently, including Petitioners from each facility where Uighurs are currently held, so that those Petitioners with whom counsel speak with may communicate with each other in advance of the hearing.

    (c)  Prior to these client meetings, Petitioners' counsel request a briefing from JTF GTMO as to how the video-link will operate so that counsel may prepare Petitioners to use the video-link.

    (d)  During client preparation meetings at Guantanamo on October 5 and 6, Petitioners' counsel at Guantanamo should have a telephone link with counsel on the East Coast.

    (e)  Petitioners understand that the government has recently acknowledged that

counsel may travel from Andrews Air Force Base to Guantanamo at a rate of $350.00 per flight. As this will greatly reduce the inconvenience of travel, Petitioners request that Petitioners' counsel be permitted to travel under these terms.

10. Petitioners suggest that in the event of logistical issues that cannot be resolved by agreement arising from the relief requested, the Court schedule a telephonic status conference.

11. It is the law of the Circuit that a non-combatant in Parhat's position is entitled to release or transfer, *Parhat v. Gates*, 532 F.3d at 836, and the question of remedy has already been fully briefed by the parties. Accordingly, the relief requested herein lies within the sound discretion of the Court and no further memorandum of law is necessary with regard to the particular logistical relief requested by this motion (which is not intended to address anything more than the logistics of the hearing itself). 28 U.S.C. § 2243 (Clause 5th) provides that, at a *habeas corpus* hearing, the government is required to produce the prisoner in person unless only issues of law are present, and this Court has broad discretion as a general proposition as to the logistics of its hearings.

12. On September 4, 2008, counsel advised the Justice Department by electronic-mail of their plan to move for this relief and requested assent. No assent has been given.

WHEREFORE, Petitioners jointly request that the court enter the attached order and grant to them such other and further relief as may be just and proper.

Dated: September 10, 2008

Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036-3406
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

Sabin Willett (Pursuant to LCvR 83.2(g))
Neil McGaraghan (Pursuant to LCvR 83.2(g))
Rheba Rutkowski (Pursuant to LCvR 83.2(g))
Jason S. Pinney (Pursuant to LCvR 83.2(g))
BINGHAM McCUTCHEN LLP
One Federal Street

Respectfully submitted,

/s/ George M. Clarke III
George M. Clarke III
D.C. Bar No. 480073
Miller & Chevalier Chartered
655 15th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 626-1573
Facsimile: (703) 598-5121

893909.1

Boston, Massachusetts 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8736

*Counsel to Petitioners Abdul Nasser, Abdul Sabour, Abdul Semet, Hammad Memet, Huzaifa Parhat, Jalal Jalaldin, Khalid Ali, Sabir Osman and Edham Mamet*

J. Wells Dixon (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Telephone: (212) 614-6464
Facsimile: (212) 614-6499

*Co-counsel to all Petitioners*

Angela C. Vigil (Pursuant to LCvR 83.2(g))
Baker & McKenzie LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8904
Facsimile: (305) 789-8953

*Counsel to Petitioners Ali Mohammad and Thabid*

Eric A. Tirschwell (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
Seema Saifee (Pursuant to LCvR 83.2(g))
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to Petitioners Abdur Razakah, Ahmad Tourson, Abdul Ghappar and Adel Noori*

Elizabeth P. Gilson (Pursuant to LCvR 83.2(g))
383 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-4050
Facsimile: (203) 787-3259

*Counsel to Petitioners Bahtiyar Mahnut and Arkin Mahmud*

893909.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-1509 (RMU)<br>Civil Action No. 05-1602 (RMU)<br>Civil Action No. 05-1704 (RMU)<br>Civil Action No. 05-2370 (RMU)<br>Civil Action No. 08-1310 (RMU)<br>Civil Action No. 05-2398 (RMU) |

**[PROPOSED] ORDER**

Before this Court are petitions for habeas corpus in which proceedings are governed by 28 U.S.C. § 2243 and the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. __ (2008). Pursuant to this Court's powers under the All Writs Act, 28 U.S.C. § 1651, clauses 4, 5 and 8 of 28 U.S.C. § 2243, the judgment of the Court of Appeals in *Parhat v. Gates*, 532 F.3d 834 (D.C. Cir. 2008) contemplating release or transfer for Parhat, and under this Court's inherent powers to supervise its own hearings, and for good cause shown, the Court enters the following ORDER:

1. Prior to October 5, 2008, the government shall transport Petitioners Huzaifa Parhat (*Kiyemba*), Abdusemet (*Kiyemba*), Abdul Ghappar (*Ghaffar*) and Ali (*Thabid*) to a military facility in the Washington, D.C. area. On October 6, 2008, Petitioners' counsel shall be afforded at least seven hours confidential access to these Petitioners, and shall be permitted to meet them jointly. The government shall produce these Petitioners in the courtroom on October 7, 2008, and Petitioners' counsel will be afforded at least one hour in advance of the hearing to meet jointly with Petitioners.

2. As to the remaining Petitioners in these cases, the government shall promptly task an attorney with the JAG office in Guantanamo to coordinate with the government and Petitioners' counsel to implement the procedures set out in paragraph 3 of this order.

3. Procedures:

    (a) Petitioners' counsel shall be permitted to meet with petitioners on October 5 and 6, 2008, at Guantanamo Bay.

1

893911.1

(b) On the morning of October 5, 2008, Petitioners' counsel will be permitted to meet Petitioners independently, under the usual Guantanamo rules, including detainees from each facility where Uighurs are held. In the afternoon of October 5, 2008, and all day on October 6, 2008, Petitioners counsel will be permitted to meet all Petitioners remaining in Guantanamo collectively, at an appropriate place to be designated by the government.

(c) In advance of the client meetings on October 5 and 6, the government shall brief Petitioners' counsel as to how the video-link discussed below will operate.

(d) During the joint client preparation meeting at Guantanamo on October 6, a telephone link with Petitioners' counsel on the East Coast shall be provided.

(e) In connection with the October 5 and 6 meetings, Petitioners' counsel may travel from Andrews Air Force Base to Guantanamo at a rate of $350.00 per flight.

(f) On October 7, the video-link should operate so that Petitioners remaining at Guantanamo may see and hear the proceedings in Washington, D.C., and be seen and heard by the Court. The technology should permit, to the extent ordered by the Court, that Petitioners in Guantanamo be permitted to speak so that they may be heard in court. The link should also provide a mute function.

(g) Petitioners' counsel and a Uighur translator shall be permitted to be present with Petitioners in Guantanamo during the hearing.

(h) At the hearing, the Court and the parties shall adopt such flexibility as may be necessary to permit parties in Guantanamo a reasonable opportunity to translate proceedings conducted in English in the courtroom.

4. As to matters concerning security in the courtroom, counsel for the government

and Petitioners' counsel shall confer with the United States Marshal's Service. If the parties and the Marshal's Service cannot agree on logistical arrangements, disputes shall be referred to this Court expeditiously.

5.      The hearing on October 7 shall be a public hearing. The parties shall not publicly disclose classified information. If any party wishes to advert to classified information, it shall notify the Court and the Court shall make such rulings as are appropriate under the circumstances, which may include conducting a classified non-public session of the hearing.

 

_____
Ricardo M. Urbina
United States District Judge

Dated: <u>September      , 2008</u>