UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-1509 (RMU) (AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Petitioners' Emergency Motion For Order Related to Counsel Visit of October 27, 2008 [187], and Respondents' Opposition thereto [189]. Upon consideration of the record, memoranda submitted by the parties and oral argument, for the reasons set forth below, the Emergency Motion is **denied**.

**I.    Background**

The eight Uighur petitioners in *Kieymba v. Bush*, No. 05-1509 – detainees at the United States Naval Station, Guantanamo Bay, Cuba ("Guantanamo") – request that the Court issue an order governing the conditions and procedures of a counsel visit scheduled for October 27, 2008. Petitioners argue that, despite the appeal and stay of the Court's October 7, 2008 release order, the release order has changed the circumstances of these cases profoundly and therefore presents a reason to revisit the protective order and issues relating to the conditions of attorney-client visits.[2]  (*See* Pet'rs' Mot. at 3.) Specifically, Petitioners request that the Court order several

---

[1]  United States District Judge Ricardo M. Urbina referred the instant Emergency Motion to the undersigned Magistrate Judge for all purposes, pursuant to Local Civil Rule 72.2(a). (*See* Minute Order dated 10/22.)

[2]  During the motions hearing conducted by telephone on October 24, 2008, Petitioners argued that the Court retains the authority to modify conditions of counsel access under the terms of the Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba. (*See* Protective Order [160] dated 9/11/08.)

accommodations with respect to the October 27 counsel visit, including less restrictive group visitations without barriers or the clients being chained. (*See* Pet'rs' Mot. at 2-3.)

Respondents' opposition challenges both the Court's jurisdiction to consider Petitioners' motion with respect to their conditions of confinement and Petitioners' ability to meet the burden of showing a need for preliminary injunctive relief. (*See* Resp'ts' Opp.) Respondents first argue that, in light of Section 7 of the Military Commissions Act of 2006 ("MCA"), 28 U.S.C. § 2241(e), and the Supreme Court's decision in *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), this Court lacks jurisdiction to modify the conditions of Petitioners' confinement at Guantanamo. (*See* Resp'ts' Opp. at 4-5.) Respondents point to recent opinions by Judge Urbina in the instant case and Judge Hogan in a similar case that conclude that 28 U.S.C. § 2241(e)(2) remains valid under *Boumediene* and strips the Court of jurisdiction to hear a detainee's claims that "relat[e] to any aspect of the detention, transfer, treatment, trial, or conditions of confinement." 28 U.S.C. § 2241(e)(2); (*see* Mem. Op. [151] at 6); *see Husayn v. Bush*, No. 08-1360, Mem. Op. [32]. Respondents further argue that Petitioners cannot meet their burden under a preliminary injunction analysis because they cannot show, among other things, a substantial likelihood of success on the merits and irreparable harm.

During the hearing conducted by telephone on October 24, 2008, Petitioners responded, among other things, to the jurisdictional arguments made by Respondents. Petitioners assert that the Court retains jurisdiction despite the language in § 2241(e)(2) of the MCA because that section speaks only to aliens who have "been determined by the United States to have been properly detained as an enemy combatant or [are] awaiting such determination," 28 U.S.C. § 2241(e)(2), and the Uighurs are no longer determined to be enemy combatants in light of the

Court's October 7, 2008 release order.

## II.     Discussion

Given the condensed time frame presented, the Court will look to and adopt the framework and rationale in Judge Urbina's August 7, 2008 Memorandum Opinion denying a motion for injunctive relief with respect to conditions of confinement at Guantanamo.  (*See* Mem. Op. [151].)  In that opinion, the Court concluded that Petitioners had not met their burden for a temporary restraining order and preliminary injunction because they did not show a substantial likelihood of success on the merits and did not sufficiently demonstrate irreparable injury.  (*See id*.)  The analysis with respect to the instant motion largely mirrors that found in the Court prior Memorandum Opinion.

As to the first element, the Court concluded that given the constitutional standard for relief,[3] the deference that is afforded to prison officials in maintaining day-to-day operations,[4] and the traditional deference given to "the Executive in military and national security affairs," *Dep't of the Navy v. Egan*, 484 U.S. 518, 530 (1988), the petitioners failed to make a showing adequately supporting injunctive relief relating to their confinement at Guantanamo.  (*See* Mem. Op. [151] at 7-8.)  Given that the relief sought here – an order requiring that counsel be permitted to meet with Petitioners without shackles – is far short of that sought in prior motion, Petitioners

---

[3] *Compare Turner v. Safley*, 482 U.S. 78, 89 (1987) (requiring that prison regulations be "reasonably related to legitimate penological interests" *with Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (applying the Eighth Amendment's deliberate indifference standard) *and Block v. Rutehrford*, 468 U.S. 576, 583 (1984) (noting that for pretrial detainees, "the dispositive inquiry is whether the challenged condition, practice, or policy constitutes punishment.").

[4] *Turner v. Safley*, 482 U.S. at 85 (counseling courts to exercise judicial restraint in resolving the "complex and intractable" problems of prisons).

here fall short of meeting their burden in the same manner.[5]

The irreparable injury analysis follows much the same course. Here petitioners seek a remedy for a problem that is far less severe, and certainly more temporary, than the restrictive conditions of confinement discussed in the August 7 Memorandum Opinion. (*See id*. at 8.) The Court therefore concludes that the Petitioners have not shown that they will suffer irreparable injury if the injunction is not granted.

### III.   Conclusion

For the foregoing reasons, it is this  24th  day of October, 2008, hereby

**ORDERED** that Petitioners' Emergency Motion For Order Related to Counsel Visit of October 27, 2008 [187] is **denied.**


Dated: October  24 , 2008                                                    /s/
                                                                                    ALAN KAY
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that, despite Petitioners' inability to meet their burden with respect to the grant of injunctive relief, the Government failed to articulate a cogent rationale as to why the prison authority could not permit counsel to meet individually with Petitioners, who are not designated as enemy combatants, in a confined and secured area without shackles. The Court, however, does acknowledge and commend the Government for the significant accommodations it has made already to Petitioners in their negotiations about the upcoming counsel visit. The Court believes that the ultimate compromise represented to the Court – that counsel be permitted to meet with Petitioners first as a group separated by a chain fence and thereafter permitted to meet with Petitioners in small groups or individually in a hut while they wear leg shackles – is not an unreasonable, if not ideal, result in this matter.